Harriett Duet KIRK, widow of Dalta Ray Kirk, Plaintiff–Appellant,

v.

Alwynn J. CRONVICH, Individually and in his official capacity as Sheriff of the Parish of Jefferson, Defendant–Appellee.

No. 79–3898
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1980.

Michael H. Piper, III, New Orleans, La., for plaintiff–appellant.

Cronvich, Wambsgans & Michalczyk, A. W. Wambsgans, Metairie, La., for defendant–appellee.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

This is an action for damages pursuant to 42 U.S.C.A. § 1983 and 28 U.S.C.A. § 1331. The appellant appeals from an order of the district court dismissing her complaint against appellee Alwynn J. Cronvich on the ground that the action was barred by the most analogous state statute of limitations. We reverse and remand.

The relevant facts appear as follows. On March 25, 1977, appellant's husband, Dalta Ray Kirk, took an overdose of drugs and was pronounced dead on arrival at the hospital. Her complaint was filed almost one year later on March 23, 1978. In the original complaint she named the Parish of Jefferson and the Jefferson Parish Sheriff's Office as defendants and alleged that their failure to afford her husband prompt ambulance service was the proximate cause of his death. The sheriff's office was served on March 31, 1978, by personal service upon Chief R. Tompson, a deputy sheriff. On May 10, 1978, the district court dismissed the complaint as to the sheriff's office on the ground that the Jefferson Parish Sheriff's Office was not an entity capable of being sued. The appellant did not oppose the motion to dismiss and does not contest the correctness of that order on appeal. On June 28, 1978, the appellant amended her complaint by substituting the appellee Alwynn J. Cronvich, individually and in his capacity as Sheriff of Jefferson Parish in lieu of the Jefferson Parish Sheriff's Office in the original complaint. Appellee Cronvich was personally served with the amended complaint on July 5, 1978, and thereafter moved to dismiss the complaint on the ground that the claim was barred by Louisiana's one–year prescriptive period (statute of limitations) for wrongful death actions. The district court granted the motion. Appellant then attempted to appeal that ruling to this court, but we dismissed the appeal for lack of an appealable order. *Kirk v. The Parish of Jefferson*, 601 F.2d 1193. (5th Cir. 1979). On remand, the ap-

pellant moved to dismiss voluntarily the Parish of Jefferson without prejudice, stating in her motion that "there do not appear to be violations of Title 42 U.S.C. § 1983 and therefore, no basis for the jurisdiction of the court." (R. at 58). The district court granted the motion and this appeal ensued. The only issue before us is whether the claim against Cronvich is barred by the statute of limitations.

■ There is no federal statute of limitations for actions under 42 U.S.C.A. § 1983. Consequently federal courts look to the most analogous state statute of limitations. *See Kissinger v. Foti*, 544 F.2d 1257 (5th Cir. 1977). Both sides agree that this action is most analogous to a wrongful death action which, under Louisiana law, has a prescriptive period of one year. *See Guidry v. Theriot*, 377 So.2d 319 (La. 1979); *Fontenot v. O'Brien*, 361 So.2d 298 (La.App.1978). *Compare* La.Civ.Code Ann. Art. 2315 (West) *with* La.Civ.Code Ann. Art. 3536 (West). Although the appellant recognizes that generally the prescriptive period for a wrongful death action is one year, she argues that a special statute providing for a two–year prescriptive period on actions against sheriffs applies to appellee Cronvich. La.Rev. Stat.Ann. § 33:1442 (West) provides:

> Sheriffs and their securities may prescribe against their acts of misfeasance or nonfeasance, and their offenses and quasi–offenses, after the lapse of two years from the day of the omission or commission of the acts.

Although a wrongful death is an offense or quasi–offense, the parties have not cited any case which specifically holds that the

two–year period applies to wrongful death actions against sheriffs, and our research has revealed none. In fact, several Louisiana and federal cases have held that the general one–year prescriptive period for torts (La.Civ.Code Ann. Art. 3536 (West)) applies to actions against sheriffs. *See Curry v. Iberville Parish Sheriff's Office*, 378 So.2d 159 (La.App.1979) (personal injury claim against sheriff); *Meyers v. Edwards*, 256 So.2d 337 (La.App.1971) (one–year limitation on action against sheriff for false arrest); *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980) (one–year period applies to § 1983 suit against sheriff and others for personal injury); *Williams v. United States*, 353 F.Supp. 1226 (E.D.La.1973) (one–year prescriptive period applies to civil rights action against sheriff and deputies for death of an inmate); *Whitsell v. Rodrigues*, 351 F.Supp. 1042 (E.D.La.1972) (one–year limitation applies to action against sheriff for false arrest). None of these cases, however, discuss the possible applicability of the two–year period for sheriffs. Frankly, this court is at a loss to determine which prescriptive period the Louisiana courts would apply if squarely faced with the choice between the two [1], but fortunately we are not required to decide the question. We find that the amended complaint relates back to the time of filing the original complaint and is not barred even assuming that the one–year period applies.

The appellant argues that the amended complaint adding appellee Cronvich relates back to the time of filing of the original complaint under Fed.R.Civ.P. 15(c) and is, therefore, timely.[2] We have recently enu-

1. We note that La.Rev.Stat.Ann. § 33:1442 (West) has recently been amended to remove the special two–year prescriptive period for sheriffs and their securities for offenses and quasi–offenses. 1980 La.Sess. Law Serv. (West) 156 (Act. No. 130). Henceforth, there should be no question that the general one–year prescriptive period for torts will apply in actions against sheriffs; however, it does not appear that the Louisiana legislature intended the amendment to apply retroactively.

2. Appellant also argues that by filing her complaint against the Parish of Jefferson, the prescriptive period was tolled as to the appellee.

She relies on La.Civ.Code Ann. Art. 2097 (West) which provides: "A suit brought against one of the debtors *in solido* interrupts prescription with regard to all." Although the timely filing of suit against one or more alleged joint tortfeasors tolls the prescriptive period as to other alleged joint tortfeasors who are later added as parties, *see Wick v. Sellers*, 309 So.2d 909 (La.App.), *application denied*, 313 So.2d 828 (La.1975), the rule ceases to apply whenever it appears that the defendants are not in fact joint tortfeasors. *See Pearson v. Hartford Accident & Indemnity Co.*, 281 So.2d 724 (La.

merated the requirements for relation back under Rule 15(c).

> Fed.R.Civ.P. 15(c) provides that an amended complaint changing the name of a party relates back to the date of the original pleading if three requirements are met: (1) 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading'; (2) 'the party to be brought in by amendment . . . has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits'; and (3) 'the party to be brought in by amendment . . . knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.'

*Marks v. Prattco, Inc.*, 607 F.2d 1153, 1156 (5th Cir. 1979). We should add that Rule 15(c) also requires that the defendant receive notice of the action "within the period provided by law for commencing the action against him." We proceed to apply these tests to the undisputed facts in the record.[3]

The first requirement has clearly been met. The amended pleading simply substituted the name of appellee for the sheriff's office in the original complaint. *See Montalvo v. Tower Life Building*, 426 F.2d 1135, 1147 (5th Cir. 1970).

With regard to the second requirement, we believe that the appellee had sufficient notice of the suit so that he will not be prejudiced in defending the action. It is undisputed that at all relevant times appellee was the sheriff of the Jefferson Parish. The complaint and marshal's service and return form directs the marshal to serve the sheriff's office "Through the Honorable Alwynn J. Cronvich, Sheriff." The deputy marshal attempted to serve Sheriff Cronvich but finally perfected service upon Chief R. Tompson, a deputy sheriff. Both the sheriff's office and appellee have been represented by the same attorneys and law firms throughout this litigation. Although there is no evidence that the appellee had actual knowledge of the pendency of the action against the sheriff's office until he was personally served with the amended complaint (although it is likely that he did know), we do not believe that actual notice is required under Rule 15(c). *Cf. Williams v. United States*, 405 F.2d 234 (5th Cir. 1968) (fair notice is sufficient); *Mitchell v. Hendricks*, 68 F.R.D. 564 (E.D.Pa.1975) (informal, as well as formal, notice is sufficient); *Taliferro v. Costello*, 467 F.Supp. 33, 35 (E.D.Pa.1979) (constructive notice is sufficient). Where service of the original complaint is perfected upon an agent of a party sought to be brought in by amendment, there is adequate notice of the action to that party. *See Mitchell v. Hendricks, supra*, 68 F.R.D. at 567; *Washington v. T.G. &.Y. Stores Co.*, 324 F.Supp. 849, 853 (W.D. La.1971); Annot., 11 A.L.R.Fed. 269, 282–84 (1972). We conclude that Chief Tompson was an agent of the appellee for purposes of notice under Rule 15(c)(1). Since the suit alleged misfeasance or nonfeasance by the department, we can assume that the deputy brought the matter to the attention of the sheriff who is in charge of the department. He obviously brought the matter to the attention of counsel within the time to answer. The appellee would have done nothing more had he been properly sued in the

---

1973). In voluntarily dismissing her complaint against the parish, appellant conceded that she did not have a claim under § 1983 against the parish. Therefore, the parish and the appellee are not liable *in solido* and the tolling provision does not save the complaint, assuming that the one–year period applies. *See also Campbell v. Bergeron*, 486 F.Supp. 1246, 1251 (M.D.La. 1980).

**3.** Although we must apply the Louisiana statute of limitations, we have no hesitancy about applying Rule 15(c) to avoid the statute of limitations. We have held that Rule 15(c) applies in a diversity case brought in a Louisiana federal district court. *Welch v. Louisiana Power and Light Co.*, 466 F.2d 1344 (5th Cir. 1972). And most recently the United States District Court for the Middle District of Louisiana, relying on *Welch*, held that Rule 15(c) also applies in a § 1983 case against a sheriff and his deputies. *Campbell v. Bergeron*, 486 F.Supp. 1246, 1251 (M.D.La.1980).

first place. Furthermore, this court and others have held that the requisite notice of an action can be imputed to a new defendant through his attorney who also represented the party or parties originally sued. *Montalvo v. Tower Life Building*, 426 F.2d 1135, 1147 (5th Cir. 1970); *Kaplan Co. v. Industrial Risk Insurers*, 86 F.R.D. 484, 491 (E.D.Pa.1980); *Taliferro v. Costello, supra*, 467 F.Supp. at 35; *Mitchell v. Hendricks, supra*, 68 F.R.D. at 567; *Ames v. Vavreck*, 356 F.Supp. 931, 942 (D.Minn.1973). *See also White v. Lundeberg Maryland Seamanship School, Inc.*, 57 F.R.D. 128 (D.Md.1972); *Annot.* 11 A.L.R.Fed. 269, 284 (1972).[4]

Since the effect of Rule 15(c) is to avoid the impact of the statute of limitations, the sufficiency of the notice must be evaluated in light of the policy objectives of the statute of limitations, *i. e.*, to avoid undue surprise, to permit investigation and collection of evidence while it is fresh and other similar considerations. *See* Note, *Federal Rule of Civil Procedure 15(c): Relation Back of Amendments*, 57 Minn.L.Rev. 83 (1972). These considerations are intimately related to the requirement that the notice be such that the party to be brought in will not be prejudiced in defending on the merits. Fed.R.Civ.P. 15(c)(1). When appellee's agent, Chief Tompson, and his attorneys learned of the suit against the sheriff's office, they should have taken steps to investigate the claim, including collecting and preserving evidence against any foreseeable eventuality. Therefore, the appellee cannot claim that he has been prejudiced through the loss of evidence or by undue surprise. *Cf. Ratcliffe v. Insurance Company of North America*, 482 F.Supp. 759, 763 (E.D. Pa.1980) (where attorneys of party to be brought in discussed claim with plaintiff and made some investigation, the party to be brought in will not be prejudiced in

defending the action). We hold that the appellee had sufficient notice of the institution of the action to satisfy the second part of Rule 15(c)'s test for relation back.

We note that although the complaint against the sheriff's office was filed within one year of accrual of the claim, the complaint was not served upon Chief Tompson until six days after the one–year period had expired. Arguably, the appellee, his deputy and attorneys could not have received notice of the institution action "within the period provided by law for commencing the action against him," as required by Rule 15(c). This time provision, however, has not been given a literal construction. In *Ingram v. Kumar*, 585 F.2d 566, 571–72 (2d Cir. 1978), *cert. denied*, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979), the court held:

> [T]hat under Rule 15(c) the period within which 'the party to be brought in' must receive notice of the action includes the reasonable time allowed under the federal rules for service of process.

(footnote omitted). Unquestionably, service of process was made upon Chief Tompson within a reasonable time. He in turn promptly transmitted the complaint to appellee's attorneys. Accordingly, we believe that the appellee did receive notice within the time frame provided in Rule 15(c).

Likewise, the third requirement of Rule 15(c) has been satisfied. We find that the appellee "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." The appellee was the Sheriff of Jefferson Parish at all relevant times. The sheriff was the person to be served with the complaint and summons. In the memorandum in support of the sheriff's office's motion to dismiss, ap-

---

4. In addition to holding that the appellee had sufficient notice of the action through his agent Chief Tompson and his attorneys, we also hold that he had sufficient notice of the action by virtue of the identity of interest between himself and the sheriff's office. "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action

against one serves to provide notice of the litigation to the other." 6 C. Wright and A. Miller, *Federal Practice and Procedure* § 1499, p. 517 (1972). Certainly the sheriff and the sheriff's office share a close enough relationship so that we can conclude that notice to one is notice to the other under the identity of interest theory.

pellee's counsel stated that the sheriff, not the sheriff's office, was the proper party.[5] (R. 11). Therefore, in the same manner in which he had notice of the action against the sheriff's office, the appellee knew or should have known that he was the party who should have been sued.

We hold that the amended complaint relates back to the time of filing of the original complaint and is not, therefore, barred by any prescriptive period possibly applicable in this case.

REVERSED AND REMANDED.

---

**5.** Counsel relied on the case of *Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Dept.*, 350 So.2d 236, 239 (La.App.), *cert. denied* 352 So.2d 235 (La.1977) where the court of appeals held that "the Sheriff, individually, and not the 'Parish Sheriff's Department' is liable for wrongful or negligent acts committed by him and/or his deputies in the performance of official duties."