**Allen L. FLUDD, Plaintiff,**

v.

**UNITED STATES SECRET SERVICE,
et al., Defendants.**

Civ. A. No. 82–2172.

United States District Court,
District of Columbia.

June 21, 1984.

David F. Williams, Ely Clausen, Jr., Covington & Burling, Washington, D.C., for plaintiff.

Rebecca L. Ross, Asst. U.S. Atty., Washington, D.C., for defendants.

### MEMORANDUM

HAROLD H. GREENE, District Judge.

The complaint alleges that on the evening of August 3, 1979, four Secret Service agents arrived at plaintiff's residence to serve him with a subpoena ordering him to provide handwriting exemplars to a grand

jury. The agents allegedly did not possess a warrant to enter the premises, but instead they contacted plaintiff's step-father, a co-owner but nonresident of that residence, who led some of them into the premises through an unlocked basement door. The agents then encountered plaintiff standing in the kitchen, dressed only in his underwear, and one of them allegedly pointed his gun at plaintiff and ordered him to "freeze." The agents then served the subpoena.

Plaintiff sues the agents on the basis that they violated both his rights under the Fourth Amendment and his right to be free from the common law tort of assault. His action against H. Stuart Knight, Director of the U.S. Secret Service at the time of the incident, and Richard Keiser, who was the Special Agent in Charge of the Washington Field Office, is predicated on the proposition that the agents took their actions pursuant to a policy or practice of the Secret Service, that defendants Knight and Keiser had sanctioned this policy or practice, and that they had failed properly to supervise the individual agents. All six individual defendants have moved to dismiss.

On August 19, 1980 plaintiff filed a request with the Department of Justice under the Freedom of Information and Privacy Acts, seeking records relating to an investigation conducted by the Justice Department's Civil Rights Division concerning the incident. After a long series of delays and procedural disputes, including a lawsuit filed against the Department of Justice to require it to turn over the requested records, plaintiff received the documents but without the names of the four agents who took part in the August 3, 1979 incident—these had been excised from all the papers.

Shortly thereafter, on August 3, 1982, the instant complaint was filed and served upon the United States Attorney. Since plaintiff still did not know the identity of the four agents involved, the complaint named then only "John Does I–IV, agents of the United States." As a result of interrogatories filed with the Secret Service, he ultimately learned the names of the four agents, and on October 15, 1982, he filed an amended complaint identifying them by name.[1]

## I

■ The Secret Service agents claim that plaintiff's constitutional claim[2] is time-barred under the statute of limitations.[3] Although these defendants are correct in asserting that they were not fully identified until after the August 3, 1982 deadline, plaintiff is not precluded from pursuing his claim against them. In the view of the Court, under Rule 15(c) of the Federal Rules of Civil Procedure, the first amended complaint, which substituted the names of the four agents for "John Does I–IV" relates back to the date of the original complaint.

Rule 15(c) provides in part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back of the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the

---

1. Defendants Maurice Doherty, Robert Hall, Frank O'Donnell, and Thomas LaFaree.

2. Plaintiff concedes that his assault claim is barred as to all defendants by the applicable one-year statute of limitations. That claim will accordingly be dismissed.

3. There is no statute of limitations in the Constitution, and no portion of the D.C.Code regarding limitation of actions is explicitly applicable. Under D.C.Code § 12–301(8), however, a three-year limitation applies to an action "for which a limitation is not otherwise specially prescribed."

proper party, the action would have been brought against him.

The agents contend that Rule 15(c) does not apply because they did not have notice of the action within the three-year limitation period and that substitution of names for "John Does" reflects not a "mistake" concerning the identities of the proper parties, but a lack of knowledge of such identities.

The second paragraph of Rule 15(c) specifies that service on the United States Attorney, among others, "satisfies the requirement of clauses (1) and (2) hereof with respect to ... any ... officer [of the United States] to be brought into the action as a defendant." This provision reflects the judgment of the drafters of the Rule that in actions against the government and its officers, the concerns about adequate notice addressed in clauses (1) and (2) are met when service is made on government counsel.[4] The Notes of the Advisory Committee observe with regard to past instances where such service was made:

> Relation back is intimately connected with the policy of the statute of limitations. The policy of the statute limiting the time for suit ... would not have been offended by allowing relation back .... For the government was put on notice of the claim within the stated period—in the particular instances, by means of the initial delivery of process to a responsible government official .... In these circumstances, characterization of the amendment as a new proceeding is not responsive to the reality, but is merely question-begging; and to deny relation back is to defeat unjustly the claimant's opportunity to prove his case.

Proposed Amendments to Rules of Civil Procedure, 39 F.R.D. 69, 83 (1967).

The original complaint described with specificity the incident involved, and it identified as defendants the four agents who participated in the incident, omitting only the names which at the time were unknown to plaintiff. However, the Secret Service certainly knew who these agents were (as evidenced, among other things, by the fact that it recently provided to plaintiff documents relating to the incident with the agents' names excised). Moreover, the attorney for the agents was timely served, and he had notice of both the complaint and of the identity of the defendants.[5]

■ It would comport with the overall purposes of the Rules to allow relation back here, for it is established that the notice provisions of the Rules are to be liberally construed. See *Hampton v. Hanrahan*, 522 F.Supp. 140, 144–45 (N.D.Ill. 1981); *Patterson v. White*, 51 F.R.D. 175, 177 (D.D.C.1970). The question which has drawn the courts' concern was not whether "formal" notice was provided within the statutory period,[6] but whether a defendant had sufficient actual notice of the suit that he would not be prejudiced in defending the action. See, *e.g.*, *Kirk v. Cronvich*, 629 F.2d 404, 407–08 (5th Cir.1980); *Taliferro v. Costello*, 467 F.Supp. 33, 35 (E.D.Pa. 1979). Thus, it has been commonly held that where, as here, notice is given to a substituted party's counsel who is also serving as counsel to the parties named in the original pleading, the notice may be imputed to the substituted party in satisfaction of Rule 15(c). See, *e.g.*, *Kirk v.*

4. The agents claim that the second paragraph of Rule 15(c) is only applicable when officers of the government are sued in their official capacities. Quite apart from the fact that the plain language of the Rule suggests no distinction, the drafters' judgment concerning notice in suits brought against government officers is not affected by the fact that the officers are sued in their individual rather than their official capacities. The agents are here being sued for the manner in which they performed their duty and for actions taken under color of their authority as employees of the Secret Service. Under these

circumstances, there is no basis for excluding them from the reach of the broad language of the Rule.

5. The same Assistant U.S. Attorney served as counsel (1) for the Secret Service, (2) for the individuals named in the original complaint, and (3) for the agents who were identified by name in the amended complaint.

6. Notice under Rule 15(c) "need not be formal." Advisory Committee Notes, 39 F.R.D. at 83.

**806**

*Cronvich, supra,* 629 F.2d at 408; *Florence v. Krasucki,* 533 F.Supp. 1047, 1053–54 (W.D.N.Y.1982); *Ames v. Vavreck,* 356 F.Supp. 931, 942 (D.Minn.1973).

With regard to the question of whether plaintiff's action should be excluded from the purview of Rule 15(c) because, speaking precisely, plaintiff did not commit a "mistake," most courts have adopted Professor Moore's view that

> [i]n view of the history of the application of Rule 15(c), the phrase 'a mistake concerning the identity of the proper party' should clearly not be read to limit its usefulness to cases of misnomer.

3 *Moore's Federal Practice* ¶ 15.15[4.—2] at 1—230 n. 14 (1982). Accordingly, a number of decisions have allowed relation back in cases where the plaintiff who initially lacked knowledge of a party's name subsequently added it. See, *e.g., Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171, 1974–75 (3d Cir.1977); *Hampton v. Hanrahan,* 522 F.Supp. 140, 144 (N.D.Ill.1981); *Campbell v. Bergeron,* 486 F.Supp. 1246, 1250–52 (M.D.La.1980); *aff'd per curiam,* 654 F.2d 719 (5th Cir.1981); *Taliferro v. Costello, supra,* 467 F.Supp. at 36.

This is a particularly appropriate case in which to apply this principle. While, to be sure, the government's deletion of the agents' names in response to plaintiff's FOIA request was not fraudulent, it does constitute the kind of deliberate concealment of material facts which a court of equity would be justified in regarding as tolling the statute of limitations. See *Fitzgerald v. Seamans,* 553 F.2d 220, 228 (D.C. Cir.1977); *Richards v. Mileski,* 662 F.2d 65 (D.C.Cir.1981).

In short, it simply would make not sense to dismiss plaintiff's lawsuit on the ground that he had failed to identify the agents when (1) he had notified the agents' counsel in ample time prior to the expiration of the statute of limitations, and (2) he did not identify these agents by name (though they were otherwise adequately identified and their names were known to the Secret Service) only because the Secret Service refused to give him the names. Consistently

with the purpose of the Rules, the Court will not engage in so self-defeating an exercise.

**II**

■ Defendants Knight and Keiser have also moved to have the constitutional claim against them dismissed. They construe plaintiff's claim as seeking to impose vicarious liability upon them, and they correctly observe that supervisory personnel may not be held liable for the constitutional violations of their subordinates on a *respondeat superior* basis. *Tarpley v. Green,* 684 F.2d 1, 9–11. But plaintiff does not predicate his claim against Knight and Keiser on such a theory. Rather, he has alleged that Knight and Keiser failed to train, supervise, and discipline the agents properly, and that the actions of the four agents were performed pursuant to a policy or practice of the Secret Service sanctioned by Knight and Keiser. Both a failure to supervise and involvement with a practice or policy pursuant to which subordinates violate the rights of a plaintiff provide adequate bases for constitutional claims against supervisory personnel. See, *e.g., Crowder v. Lash,* 687 F.2d 996, 1005 (7th Cir.1982); *Maclin v. Paulson,* 627 F.2d 83, 86 (7th Cir.1980); *Carter v. Carlson,* 447 F.2d 358, 365, 368 (D.C.Cir.1971), *rev'd on other grounds,* 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973); *Parker v. District of Columbia,* 515 F.Supp. 10, 12 (D.D.C.1981).

Defendants observe that plaintiff has not described the allegedly improper practice or policy with particularity nor has he alleged any instances of past abuses which might establish the existence of such a practice or policy. This, according to defendants, implies that the suit is no more than an attempt to hold Knight and Keiser liable under a theory of *respondeat superior.*

■ On a motion to dismiss for failure to state a claim on which relief may be granted, the pleadings must be construed favorably to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Furthermore, "[i]t is

axiomatic that a complaint should not be dismissed unless 'it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *McLain v. Real Estate Board of New Orleans*, 444 U.S. 232, 246, 100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)).

Plaintiff has specified in detail the acts of the agents in serving the subpoena, and he has tied these actions to an established policy or practice. This is sufficient for a valid claim. There are a number of sets of facts which plaintiff could prove, based upon the allegations of the complaint, which would entitle him to relief. *Cf. Bowen v. Watkins*, 669 F.2d 979, 988 (5th Cir.1982) (gross negligence or deliberate indifference on part of supervisory officials); *Black v. Stephens*, 662 F.2d 181, 189 (3d Cir.1981) (policy of encouragement of use of excess force); *Wanger v. Bonner*, 621 F.2d 675 (5th Cir.1975) (adoption of particular policies and practices in serving arrest warrants). Questions as to the nature and particulars of the policy or practice may be expected to be addressed through discovery.

The motion to dismiss the constitutional claims against the individual defendants will be denied.