**Harold L. BEYNUM, Plaintiff,**

v.

**James M. BOTELER, et al.,
Defendants.**

**Civ.A. No. 82–1600.**

United States District Court,
District of Columbia.

Dec. 12, 1985.

Ellen K. Reisman, Marian S. Block, Arnold & Porter, Washington, D.C., for plaintiff.

Janet Golup, Asst. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM ORDER

JUNE L. GREEN, District Judge.

Plaintiff Harold L. Beynum brought this suit for damages against defendants James Boteler, Irving Cousins, Chief of Police Maurice Turner, and the District of Columbia, pursuant to the United States Constitution and 42 U.S.C. § 1983. Defendant Turner moves to dismiss the complaint under Rule 12 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies defendant Turner's motion to dismiss the complaint.

### I. *Background*

The above-styled action arises out of the defendants' use of force in arresting plaintiff in the early morning hours of June 10, 1981. Plaintiff went to the door of the apartment building where he was staying in response to his brother's knocking at the door. Upon opening the door, plaintiff discovered that members of the Metropolitan Police Department ("MPD") were waiting for him. Second Amended Complaint ("Complaint") ¶ 9. Defendant policeman James Boteler shot plaintiff with a shotgun issued by the MPD. Subsequently, defendant policeman Irving Cousins shot plaintiff three times with a service revolver issued by MPD. Complaint ¶¶ 10, 11. As a result of these shootings, plaintiff suffered serious injuries. Complaint ¶¶ 13, 14. Allegedly, plaintiff was unarmed during this incident. Complaint ¶ 12.

Defendant Maurice Turner is sued in both his individual and representative capacity as Chief of MPD. He is alleged to be the policymaker responsible for promulgating all orders, rules, instructions, regulations, and policies governing the conduct of police officers. It is alleged that defendant Turner's failure to promulgate policies governing the use of force consistent with the Constitution and laws of the District of Columbia violated plaintiff's rights under the Fourth, Fifth, Sixth, and Eighth Amendments of the Constitution. Defend-

ant Turner is also alleged to be responsible for supervising the training, instruction, discipline, control and conduct of defendants Cousins and Boteler. It is asserted that defendant Turner's failure to supervise and train adequately Cousins and Boteler in the use of force constitutes violations of plaintiff's constitutional rights and constitutes tortious conduct under District of Columbia law.

## II. *Conclusions of Law*

### A. *The Legal Standard*

The standard governing Rule 12 motions to dismiss is well established. The only issue relevant to a Rule 12 motion is whether the allegations of the complaint are sufficient to state a claim under any set of facts. The test most often applied to determine the sufficiency of the complaint was set out in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957), where it was stated that:

> in appraising the sufficiency of the complaint we follow ... the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Accord Schuler v. United States*, 617 F.2d 605 (D.C.Cir.1979).

Thus, in order to prevail on his motion to dismiss, defendant Turner must show that, as a matter of law, there are no facts that, if proven in support of plaintiff's theory of liability, would entitle plaintiff to relief. Defendant Turner has not made such a showing.

### B. *Liability Under 42 U.S.C. § 1983*

■ Plaintiff has alleged that defendant Turner's acts or omissions in promulgating MPD policies and/or in supervising the training of defendants Boteler and Cousins resulted in a deprivation of plaintiff's constitutional rights. Complaint ¶¶ 15, 18, 23, 28, 33, 38, 43. The law is clear that such allegations against a supervisory official in a section 1983 action are sufficient to withstand a motion to dismiss. *Carter v. Carlson*, 447 F.2d 358, 365 (D.C.Cir.1971), *rev'd on other grounds sub nom District of Columbia v. Carter*, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973).

Under *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976), a supervisor can be held liable where there is "an affirmative link" between the supervisor's own actions and the misconduct of his subordinates. *See also Fludd v. United States Secret Service*, 102 F.R.D. 803, 806 (D.D.C.1984) (the "affirmative link" may exist in the manner in which the supervisory official performs or fails to perform his supervisory function). In addition, under *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a showing of simple negligence, as opposed to gross negligence or intentional misconduct, is enough to state a section 1983 claim against a supervisory official. Plaintiff alleges in his second amended complaint that defendant Turner failed to supervise adequately the training of defendants Boteler and Cousins and that he failed to promulgate proper policies regarding the use of firearms by MPD officers. Complaint ¶¶ 15, 18, 23, 28, 33, 38, 43.

### C. *Immunity From Suit*

■ Defendant Turner argues that he is immune from suit for two reasons: (1) that he is immune for his "discretionary acts as a high level supervisor," and (2) that he is entitled to qualified immunity under the standard set forth in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). As a preliminary point, plaintiff has noted correctly that defendant Turner is being sued in both his individual and representative capacities. Plaintiff's Opposition to Defendant Turner's Motion to Dismiss at 16 n. 6. There is no immunity defense for officials sued in their representative capacity. *Brandon v. Holt*, —— U.S. ——, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985); *Owen v. City of Independence*, 445 U.S. 622, 638 n. 18, 100 S.Ct. 1398, 1409 n. 18, 63 L.Ed.2d 673 (1980).

The Court of Appeals for the District of Columbia stated recently, "Federal law enforcement officers, like their state counterparts, may claim only qualified immunity from suits alleging constitutional violations." *McKinney v. Whitfield*, 736 F.2d 766, 769 n. 15 (D.C.Cir.1984). Generally, immunity is granted to a public official, if at all, only for discretionary acts within the scope of his authority, not for ministerial acts. *Shifrin v. Wilson*, 412 F.Supp. 1282, 1297–98 (D.D.C.1976). The line between discretionary and ministerial acts of public officials may be a thin one, indeed. It would be improper for the Court to rule on such a factual matter in deciding a motion to dismiss the complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.").

The test for when a government official has qualified immunity is set forth in *Harlow v. Fitzgerald*, 457 U.S. at 818, 102 S.Ct. at 2738:

> [G]overnment officials performing discretionary functions generally are shielded from liability in civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Plaintiff alleges in his second amended complaint that defendant Turner violated clearly established legal principles in promulgating rules on the use of force and in failing to supervise properly defendants Cousins and Boteler. *See, e.g.,* Complaint ¶¶ 15, 18, 23. The Court finds that defendant Turner is not entitled to qualified immunity on the face of the complaint. *See Hardeman v. Clark*, 593 F.Supp. 1285, 1288 (D.D.C.1984) (a policy depriving one of constitutional rights is actionable notwithstanding *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727).

Accordingly, upon consideration of defendant Turner's motion to dismiss, the opposition thereto, defendant Turner's reply, and the entire record herein, it is by the Court this 12th day of December 1985,

ORDERED that defendant Turner's motion to dismiss is denied.