In the Matter of ALL AMERICAN OF ASHBURN, INC., Debtor.

Paul W. BONAPFEL, Trustee for All American of Ashburn, Inc., Plaintiff,

v.

E'CON MILLS, INC., d/b/a Comoro Carpet and Commercial Credit Financial Corporation f/k/a Textile Banking Company, Defendant.

Bankruptcy No. 83–03719–WHD.
Adv. No. 86–0081A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Oct. 18, 1988.

See also, Bkrtcy., 78 B.R. 355.

Joseph Lefkoff, Kimberly A. Richardson, Lefkoff, Duncan, Grimes & Dermer, P.C., Atlanta, Ga., for Textile Banking Co.

James C. Cifelli, Lamberth, Bonapfel, Cifelli & Willson, P.A., Atlanta, Ga., for trustee.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This adversary proceeding is before the Court on a motion to dismiss filed by defendant, Commercial Credit Financial Corporation f/k/a Textile Banking Company ("Textile Banking") on March 10, 1988. The Court previously withheld its decision on this motion by Order entered on June 15, 1988, to permit the parties to conduct further discovery in order to develop the factual record of this proceeding more fully and to submit additional briefs. The facts relevant to the motion to dismiss are as follows.

The trustee initiated this adversary proceeding on February 19, 1986, by filing a complaint to recover alleged preferential transfers totaling $62,155.00 to E'Con Mills, Inc. d/b/a Comoro Carpet ("E'Con Mills"). The original complaint named only E'Con Mills as a defendant. The certificate of service indicates that the summons and complaint were served upon E'Con Mills and its registered agent by first-class mail on February 25, 1986.

On December 10, 1987, the Court entered an Order which granted the trustee's motion to join Textile Banking as an additional party defendant. It appears that Textile Banking was the actual recipient of checks issued or delivered by the debtor during the preference period to pay for credit purchases of merchandise sold by E'Con Mills, which had assigned its accounts receivable to Textile Banking pursuant to a factoring agreement. These checks constitute the basis of the transfers sought to be avoided by the trustee in his original complaint against E'Con Mills and his amended complaint, which added Textile Banking as a party defendant.

Textile Banking seeks dismissal of the amended complaint on the ground that the claims asserted against it are barred by 11 U.S.C. § 546(a), which provides that an action to recover a preference must be commenced within two years after the appointment of a trustee.

In this case, a trustee was appointed on February 21, 1984. The original complaint against E'Con Mills was filed on February 19, 1986, within the two-year limitations period of § 546(a). The question of whether the claims against Textile Banking are time-barred depends upon whether the amended complaint relates back to the date of the original complaint pursuant to Federal Rule of Civil Procedure 15(c), made applicable to this proceeding by Bankruptcy Rule 7015.

Federal Rule 15(c) provides in relevant part as follows:

*Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c).

As stated earlier, the trustee's claims against Textile Banking arise out of the same transaction or occurrence set forth in the original complaint, which alleged preferential transfers by the debtor in the form of checks for payments relating to the debtor's account with E'Con Mills. Therefore, the question of whether the amended complaint relates back depends upon whether Textile Banking, within the limitations period of § 546(a), had received such notice of the institution of the action that it will not be prejudiced and also knew or should have known that the action would have been brought against it if not for a mistake.

In a supplemental brief filled August 15, 1988, the trustee states that he has developed no information regarding Textile Banking's actual knowledge of the institution of this action. However, the trustee asserts that Textile Banking had sufficient constructive notice to justify the relation back of the amended complaint on two grounds. First, the trustee has shown that E'Con Mills filed a proof of claim in this bankruptcy case which specifically included an amount owed to Textile Banking and that the proof of claim related to the same accounts receivable involved in this adversary proceeding. The trustee asserts that E'Con Mills should be deemed to be the agent of Textile Banking, at least as to the matters relating to the proof of claim, and that service of the original complaint upon E'Con Mills is therefore sufficient for service upon Textile Banking.

Second, the trustee makes a similar argument that Textile Banking and E'Con Mills were represented by the same counsel with regard to the proof of claim and that notice of the institution of this adversary proceeding should be imputed to Textile Banking through that attorney. Textile Banking has responded that the attorney who filed the proof of claim did so only because some of the money owed by the debtor to E'Con Mills was, in turn, owed to Textile Banking, but that said attorney never represented Textile Banking throughout the course of this bankruptcy case and a related case.

The Court is of the opinion that the trustee is attempting to expand the concept of constructive notice beyond the scope of Rule 15(c) as interpreted by the reported cases. For example, in *Kirk v. Cronvich*, 629 F.2d 404 (5th Cir.1980), a case relied upon by the trustee, the plaintiff named a sheriff's office, a nonlegal entity, as a defendant and served the complaint upon the deputy sheriff in that office. An amendment substituting the sheriff as the proper defendant was held to relate back under Rule 15(c) since the sheriff clearly had sufficient notice of the action and knew or should have known that the action would have been brought against him but for a mistake. As to the notice requirement, the

Court based its decision in part on the ground that both the sheriff's office and the sheriff were represented by the same attorneys throughout the litigation. 629 F.2d at 407.

Unlike the situation in the *Kirk* decision, the amended complaint in the case at bar added a separate entity as a defendant, which goes beyond the mere correction of a mistake in naming a nonlegal entity as a defendant. Furthermore, E'Con Mills and Textile Banking merely had a contractual agreement and are not so closely related in their business operations so as to have an "identity of interest" such that institution of a suit against one entity should impute notice of the litigation to the other.[1] Under these circumstances, the Court is of the opinion that the knowledge of this suit on the part of either E'Con Mills or the attorney who filed its proof of claim cannot be imputed to Textile Banking merely because the proof of claim included amounts owed to Textile Banking. Therefore, Textile Banking did not have constructive notice of this proceeding within the limitations period.

Furthermore, even if the Court were willing to find that E'Con Mills is the agent of Textile Banking, dismissal of this suit as to Textile Banking would be compelled, because, although the original complaint was filed on February 19, 1986, just within the limitations period, E'Con Mills itself was not served with the summons and complaint until after the documents were mailed on February 25, 1986, which was after the expiration of the limitations period. This fact would bring this proceeding squarely within the holding of *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).

In the *Schiavone* case, the plaintiffs, within the applicable limitations period, had filed a libel suit relating to an article in Fortune magazine. The plaintiffs named "Fortune" as the corporate defendant although "Fortune" was not a separate entity with the capacity to be sued but only a division of Time, Incorporated. 477 U.S. at 23, 106 S.Ct. at 2381. The plaintiff attempted to serve the complaint against Fortune upon the registered agent of Time, Incorporated after the limitations period had expired. 477 U.S. at 23–25, 106 S.Ct. at 2381–83. After the registered agent refused service, the plaintiffs amended their complaint to refer to "Fortune, also known as Time, Incorporated," and the plaintiffs served the amended complaint upon Time, Inc. The Supreme Court held that the District Court properly granted Time's motion to dismiss based upon a literal interpretation of the language of Rule 15(c) because notice to Time, Inc., only occurred when the complaint naming "Fortune" as defendant was served, which was after the expiration of the applicable period of limitations. 477 U.S. at 30, 106 S.Ct. at 2384–85.

The pleading error which the plaintiffs attempted to correct by amendment in the *Schiavone* case is considerably more minor than the change attempted by the trustee in this case. *Schiavone v. Fortune* clearly mandates that such changes or corrections be made prior to the expiration of the applicable limitations period.[2]

The Court is sympathetic to the difficulty of the task of the trustee in attempting to find and recover preferences in a case as complex as this one. However, the Court is bound by the limitations period enacted by Congress and the interpretations of Rule 15(c) set out by the *Schiavone* majority, which itself acknowledged that its decision contained "an element of arbitrariness ... but that is a characteristic of any limi-

---

1. As to the "identity of interest" doctrine, *see* 6 C. Wright & A. Miller, *Federal Practice and Procedure:* Civil § 1499 (1971).

2. Justice Stevens argued in dissent that the majority's opinion defeated the purpose of Rule 15(c) and did not explain whether an equally harsh construction of the Rule would be enforced as to errors as minor as misspellings. 477 U.S. at 39–40, 106 S.Ct. at 2390. Considering this observation, this Court questions whether *Kirk v. Cronvich, supra,* retains validity in light of *Schiavone.* In fact, the *Schiavone* majority noted *Kirk v. Cronvich* as a case in conflict with the decisions of other Courts of Appeals which took the approach adopted by the majority. *Schiavone,* 477 U.S. at 22 n. 1, 106 S.Ct. at 2381 n. 1.

tations period." *Schiavone v. Fortune,* 477 U.S. at 31, 106 S.Ct. at 2385.

Accordingly, it is ORDERED that the motion to dismiss filed by Commercial Credit Financial Corporation f/k/a Textile Banking Company is GRANTED and the adversary proceeding is DISMISSED as to Textile Banking but shall remain pending as to E'Con Mills.

IT IS SO ORDERED.