**Michelle BLACK–HOSANG,**
**Plaintiff–Appellant,**

v.

**State of OHIO DEPARTMENT OF PUBLIC SAFETY and J.R. Mendenhall, Defendants–Appellees.**

No. 02–3152.

United States Court of Appeals,
Sixth Circuit.

April 28, 2004.

Rex H. Elliott, Cooper & Elliott, Columbus, OH, for Plaintiff-Appellant.

Tomi L. Dorris, Office of Ohio Attorney General, Columbus, OH, for Defendants-Appellees.

Before: BOGGS, Chief Judge; and NELSON and COLE, Circuit Judges.

BOGGS, Chief Judge.

Michelle Black–Hosang appeals the district court's dismissal of her complaint pursuant to Fed.R.Civ.P. 12(b)(6). Black–Hosang had filed a claim under 42 U.S.C. § 1983, alleging that she had been arrested without probable cause. After the State of Ohio Department of Public Safety ("Department") filed its motion to dismiss on the grounds of sovereign immunity, Black–Hosang moved to amend her complaint to substitute J.R. Mendenhall, the individual police officer who had arrested her, as the defendant. The district court dismissed this claim because it was time-barred by the two-year statute of limitations. The sole question before this panel is whether Black–Hosang's amended complaint "related back" to the original complaint under Fed.R.Civ.P. 15(c). Because we find that Rule 15(c) makes it clear that Black–Hosang's amended complaint did relate back to her original one, we reverse the district court.

I

According to the allegations in the complaint, which we must assume are true when considering a motion to dismiss, the Ohio State Highway Patrol ("police") began investigating local branches of the Ohio Bureau of Motor Vehicles ("BMV") in 1999 for issuing fraudulent drivers' licenses. During the investigation, the police took a statement from Gervase Flipping, who claimed that he had paid an African–American woman named Barbara to help him obtain an illegal license. The police subsequently arrested Black–Hosang, who worked at the BMV. Although Black–Hosang is also African–American, she claimed that she did not match the physical description provided by Flipping. She explained that she has a skin condition that has caused noticeable discoloration, which Flipping would have clearly seen had he been dealing with her.

The police arrested Black–Hosang on June 30, 1999. She claims that she had to spend the night in jail, and that she was fired from the BMV on the day after she was arrested. The charges against her were ultimately dismissed and expunged from her records. On June 29, 2001, Black–Hosang sued the Department (the Ohio State Highway Patrol is a division of this administrative agency), alleging violations of both state and federal law. Specifically, she claimed that the Department violated 42 U.S.C. § 1983 by arresting her without probable cause and solely because of her race. She also raised state-law claims of malicious prosecution and negligence.

On August 22, 2001, the Department filed a motion to dismiss on the grounds of sovereign immunity. On September 17, Black–Hosang moved to amend her complaint in order to substitute Trooper Mendenhall as the defendant. In the amended

complaint. Black–Hosang named Mendenhall in both his "individual and professional" capacity. On October 1. Mendenhall filed a memorandum in opposition to the plaintiff's motion to amend. On October 19, the district court granted the motion to amend and dismissed the charge against the Department. In doing so, the court explained that it would treat Mendenhall's memorandum as a motion to dismiss. The district court granted Mendenhall's motion to dismiss on January 7, 2002, on the grounds that the amended complaint had not been filed within the two-year limitations period for § 1983 claims in Ohio. While Black–Hosang conceded that the amended complaint fell outside the two-year window, she had argued that it "related back" to the original complaint pursuant to Fed.R.Civ.P. 15(c) and was therefore not time-barred. The district court disagreed and dismissed the federal claim while declining to exercise jurisdiction over the state-law claims.

Black–Hosang appealed timely. The sole question before this panel is whether the amended complaint related back to the original complaint under Rule 15(c).

## II

"In reviewing a Rule 12(b)(6) motion to dismiss, this court treats all well-pleaded allegations in the complaint as true." *Downie v. City of Middleburg Heights,* 301 F.3d 688, 693 (6th Cir.2002). We also review *de novo* the district court's determination that the complaint was filed outside the applicable statute of limitations. *Tolbert v. State of Ohio Dep't of Transp.,* 172 F.3d 934, 938 (6th Cir.1999). In Ohio, the statute of limitations for filing § 1983 claims is two years. *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir.1989). "When the claim is for false arrest, a[§ ] 1983 cause of action accrues on the date

the arrest was made." *McCune v. Grand Rapids,* 842 F.2d 903, 906 (6th Cir.1988).

The police arrested Black–Hosang on June 30, 1999. She filed her original § 1983 claim on June 29, 2001, just a day before the two-year deadline. Thus, the amended complaint, which was officially filed on October 19, 2001, is clearly time-barred unless it relates back to the original complaint under Rule 15(c).

The relevant text of Rule 15(c) reads:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint [i.e., within 120 days], the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Because Black–Hosang is attempting to change the named party and is not adding any new claims, both parties concede that only Rule 15(c)(3) applies. Under Rule 15(c)(3), the amended complaint relates back if: (1) the claims arose out of the same conduct, transaction, or occurrence

set forth in the original pleading; (2) Mendenhall received such notice of the claim within 120 days of June 29, 2001, that he would not be prejudiced in defending the suit: and (3) within 120 days of June 29, 2001, Mendenhall knew or should have known that the action would have been brought against him but for Black–Hosang's mistake concerning the identity of the proper party. *See Szabo v. CSX Transp., Inc.,* 1 Fed.Appx. 277, 279–80 (6th Cir.2001). Based on the arguments raised in the briefs, both parties concede that the first two conditions have been met.

The crux of the dispute centers around the third provision, or Rule 15(c)(3)(B). The district court ruled that the amended complaint failed to meet the requirements of Rule 15(c)(3)(B), which itself can be broken down into two components: (1) whether there was a "mistake concerning the identity of the proper party"; and (2) whether a newly named party "knew or should have known" that he or she would have been sued but for the mistake of identity. The district court found that the amended complaint failed both requirements.

First, the district court ruled that the Black–Hosang had not made a mistake with respect to the *identity* of the party for purposes of Rule 15. According to the court, she made a mistake "in choosing to sue the wrong party." The district court concluded that "mistake[s] concerning the identity of the proper party" under Rule 15(c)(3)(B) do not "include a lawyer's mistake of law." Alternatively, the district court held that, even if this sort of mistake should be included within the scope of Rule 15(c)(3)(B), Black–Hosang did not show that Mendenhall knew or should have known that the action would have been brought against him but for the mistake. The district court concluded, "[t]his court will not presume that an ordinary

law enforcement officer ... would know that the lawyer who prepared the original complaint should have sued him instead of the [Department.]"

Both of these conclusions were wrong. In order to show why, we will review each of the district court's alternative grounds for decision.

### A

As stated above, Black–Hosang initially filed her complaint against the Department, even though it was protected by sovereign immunity. In the amended complaint. Black–Hosang attempted to avoid sovereign immunity by naming Mendenhall in his "individual and professional" capacity. Rule 15(c)(3)(B) states that an amendment relates back only if there has been a "mistake concerning the identity of the proper party." We will assume, without deciding, that this language is ambiguous as to whether Black–Hosang's legal mistake is the sort of "mistake" contemplated by Rule 15. Whatever ambiguity may exist, the Advisory Committee Notes to Rule 15(c) make it clear that Black–Hosang's naming of an immune governmental entity as the defendant is exactly the sort of mistake contemplated by the drafters of this provision in 1966.

> The problem has arisen most acutely in certain actions by private parties against officers or agencies of the United States. Thus an individual denied social security benefits by the Secretary of Health. Education, and Welfare may secure review of the decision by bringing a civil action against that officer within sixty days. In several recent cases the claimants instituted timely action but mistakenly named as defendant the United States, the Department of HEW, the "Federal Security Administration" (a nonexistent agency), and a Secretary who had retired from the office nineteen

days before. Discovering their mistakes, the claimants moved to amend their complaints to name the proper defendant: by this time the statutory sixty-day period had expired.... Relation back is intimately connected with the policy of the statute of limitations. The policy of the statute limiting the time for suit against the Secretary of HEW would not have been offended by allowing relation back in the situations described above.

Fed.R.Civ.P. 15 Advisory Committee Note (1966 amendments). *See Williamson v. United States*, 512 U.S. 594, 614, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994) (Kennedy, J., concurring) (listing cases taking Advisory Committee Notes as authoritative evidence of intent).

As the Second Circuit explained:

[The] phrasing of the "mistake" criterion was introduced in the 1966 amendment to Rule 15. According to the Advisory Committee Note accompanying the 1966 amendment, the language was prompted by several cases in which plaintiffs, unaware of the technical requirements of the law, mistakenly named institutional instead of individual defendants.... The amendment was expressly intended to preserve legitimate suits despite such mistakes of law at the pleading stage.

*Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35–36 (2d Cir.1996). Thus, as a matter of textual interpretation, we hold that Rule 15(c)'s reference to a "mistake concerning the identity of the proper party" includes Black–Hosang's mistake of naming an immune institutional defendant rather than an individual one.

This holding is also consistent with prior case law from both this circuit and others. At first glance, it might appear that our decision in *Lovelace v. O'Hara*, 985 F.2d 847 (6th Cir.1993) would compel us to reach the opposite conclusion. The district court and Mendenhall relied heavily on *Lovelace* to support their arguments that Black–Hosang's mistake was not a mistake of identity under Rule 15(c), but rather a mistake in choosing to sue the wrong party. *Lovelace,* however, is not only distinguishable, it actually supports Black–Hosang's position.

In that case, the plaintiff originally sued an individual police officer in his official capacity. After the statute of limitations had expired, the plaintiff attempted to amend her complaint to name this same officer in his *individual* capacity to avoid sovereign immunity. *Lovelace,* 985 F.2d at 848–849. In dismissing her complaint, we rejected the plaintiff's argument that the amended complaint related back to the original one under Rule 15(c). We explained, "the complaint evidences an intentional choice by [the plaintiff's] attorney to bring an official capacity suit. That such a choice may not have been wise and that the attorney later sought to change it, is insufficient to invoke relation back of the amendment under [Rule 15(c)]." *Id.* at 850–51.

In *Lovelace,* however, the plaintiff named the *exact same individual* in the amended complaint, and was only changing the capacity in which that individual was being sued. Accordingly, it was not possible for the plaintiff to argue that she had made a "mistake concerning the *identity* of the proper party." In this case, by contrast. Black–Hosang was mistaken about the *identity* of the proper party. She erroneously sued the Department when she should have sued the individual officer. *Lovelace* itself recognized this distinction: "We find [*Kirk v. Cronvich,* 629 F.2d 404 (5th Cir.1980)] to be distinguishable from the present case because the amendment did not change the defendant's capacity, but instead corrected the plaintiff's misidentification of a defendant not

amenable to suit to the proper entity." *Lovelace,* 985 F.2d at 851.

In *Kirk,* the case distinguished in *Lovelace,* the plaintiff sued after her husband died on the way to the hospital after a drug overdose. She alleged that the lack of prompt ambulance service led to her husband's death and she named the local sheriff's office (which was immune from suit) as one of the defendants in her § 1983 claim. *Kirk,* 629 F.2d at 405–06. After the limitations period expired, she tried to amend her complaint in order to name the sheriff himself in his individual capacity. The Fifth Circuit allowed her to amend the complaint, finding that the amendment "related back" to the original complaint under Rule 15(c). *Id.* at 408–09. Thus, *Kirk* is very similar to the facts in this case. Black–Hosang initially named an immune institution as the defendant and subsequently sought to amend her complaint to name an individual within that institution. In *Lovelace,* by contrast, the plaintiff initially named the individual, but only sought to change the *capacity* in which that individual was being sued. Thus, there was no "mistake concerning ... identity" under Rule 15(c).

Thus, the district court's reliance on *Lovelace* was misplaced. Both the Advisory Committee Notes of Rule 15(c) and our own precedent support Black–Hosang's position. *See also Soto v. Brooklyn Corr. Facility,* 80 F.3d 34, 37 (2d Cir.1996) ("[Plaintiff] did not know that he needed to name individual defendants, and his failure to do so, under the circumstances of this case, can be characterized as a 'mistake' for purposes of Rule 15(c)(3)."); *Woods v. Ind. Univ.-Purdue Univ. at Indianapolis,* 996 F.2d 880, 886–87 (7th Cir.1993) (explaining that " 'mistake' as used in Rule 15(c) applies to mistakes of law as well as fact") (citing *Hampton v. Hanrahan,* 522 F.Supp. 140, 144 (N.D.Ill.1981)).

**B**

Rule 15(c)(3)(B) also requires that, *within 120 days from the filing of the original complaint,* the new party must have known, or should have known, that he or she would have been sued but for the mistaken pleading. In this case, it seems obvious that Mendenhall knew that he would have been sued but for Black–Hosang's mistaken pleading. The original complaint was filed on June 29, 2001. Black–Hosang moved to amend the complaint on September 17, and her motion was granted on October 19. On October 1, which was well within the 120–day limitations period, Mendenhall filed a "Memorandum in Opposition" to Black–Hosang's proposed amended complaint. In that memorandum, which was later construed as a motion to dismiss, Mendenhall raised the arguments addressed above relating to the meaning of "mistake" under Rule 15(c).

The district court concluded that "[t]his court will not presume that an ordinary law enforcement officer ... would know that the lawyer who prepared the original complaint should have sued him instead of the [Department.]" The district court did not need to "presume" anything. Mendenhall himself filed a memorandum that clearly showed that he was aware that he would have been sued but for the mistake. It must remembered that the new party must know about the mistake, not necessarily at the time of the original complaint, but within *120 days* of the original complaint.

Mendenhall makes a similar error. In his brief, he argues that "Black–Hosang has failed to demonstrate that Mendenhall had notice of the suit *at the time it was initially commenced.*" Appellee's Brief at 11 (emphasis added). That is not the appropriate test. Rule 15(c)(3) states that

Mendenhall must have had notice "within the period provided by Rule 4(m) for service of the summons and complaint," which is 120 days. Fed.R.Civ.P. 4(m). By opposing Black–Hosang's motion within the 120–day window. Mendenhall showed that he clearly had the required notice.

Because Mendenhall had notice within 120 days from the original complaint, this case can be easily distinguished from the case Mendenhall cites in support of his position. *Szabo v. CSX Transp., Inc.,* 1 Fed.Appx. 277 (6th Cir.2001). In *Szabo,* the plaintiff moved to amend his complaint well outside the 120–day limitations period. *Id.* at 278. *See also Lovelace,* 985 F.2d at 850 (noting that amendment "occurred several months after the 120 days allowed for service of the summons and complaint"). Because Mendenhall clearly had notice within 120 days of the original complaint, as evidenced by his filings in the district court, we decline to reach the question raised by *Szabo,* which is whether the original complaint against the Department was sufficient to provide notice to Mendenhall (who was an employee of the Department) even if he had not opposed Black–Hosang's amendment within the 120–day period.

## III

For the reasons stated above, we RE-VERSE and REMAND the judgment of district court.