Cecil E. BELL, Plaintiff,

v.

UNITED STATES FOREST SERVICE,
Defendant.

No. C–74–2399 RFP.

United States District Court,
N. D. California.

Dec. 6, 1974.

**1136**

James D. Rohde, Buresh, Schaal & Rohde, San Rafael, Cal., for plaintiff.

Chas. O'Connor, Asst. U. S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

PECKHAM, District Judge.

Plaintiff, the owner of a mining claim, seeks declaratory and preliminary injunctive relief against defendant United States Forest Service. Plaintiff seeks to restrain defendant from directly preventing or indirectly interfering with plaintiff's removal of certain surface materials from the land that is the subject of the claim.

Plaintiff had a contract to sell surface rock to a construction company for use in a levee project supervised by the Army Corps of Engineers. On October 19, 1974, L. Dean Price, Acting District Ranger for the Weaverville Ranger District of the Shasta-Trinity National Forest sent a letter to plaintiff expressing the opinion of the Forest Service that the material which the plaintiff intended to remove was of a "common variety" and consequently not legally alienable. Because of this letter the construction company obtained the necessary rock from another supply source. Plaintiff seeks injunctive relief to prevent the government from interfering with any subsequent efforts to sell the disputed surface rock.

Plaintiff has no fee interest in the land, but claims that his mining rights in the property create in him an interest in the disputed rock. Plaintiff is successor to a mining claim that was orginally filed in 1943. There is a factual dispute in the affidavits submitted to the court regarding the nature of the rock sought to be removed from the land. Defendant contends that it is of a "common variety", readily available in the area; plaintiff contends that it contains unusually high concentrations of iron and magnesium which give it "distinct and special value." The characterization of the rock in question has great significance in the application of the mining laws.

To establish a valid mining claim, the claimant must show that he has discovered a "valuable mineral deposit" within the limits of his claim. See 30 U.S.C. §§ 22, 23, 25, 29, and 35. By Act of July 23, 1955, c. 375, § 3, 69 Stat. 368, Congress enacted what is now 30 U.S.C., § 611, which provides in pertinent part:

"No deposit of common varieties of sand, stone, gravel, pumice, pumicite, or cinders and no deposit of petrified wood shall be deemed a valuable mineral deposit within the meaning of the mining laws of the United States so as to give effective validity to any mining claim hereafter located under such mining laws: . . . 'Common varieties' as used in sections 601, 603, and 611 to 615 of this title does not include deposits of such materials which are valuable because the deposit has some property giving it distinct and special value . . ."

Prior to July 23, 1955, the date of enactment of the statute, common varieties were treated just like minerals popularly recognized as valuable for purposes of location as "valuable mineral de-

posits" under the mining laws of the United States.

■ Plaintiff, therefore, has two possible methods of establishing the right to remove and sell these rocks. If the rocks are not of a common variety, but have distinct and special value, plaintiff must establish that these materials *presently* constitute a discovery of a valuable mineral deposit. If the rocks are of a common variety, plaintiff must establish that he had discovered and perfected his claim to these materials prior to July 23, 1955, the date of enactment of the statute set forth, *supra*, which precludes subsequent location of common variety claims. *See* Barrows v. Hickel, 447 F.2d 80 (9th Cir. 1971); Clear Gravel Enterprises, Inc. v. Keil, et al., 505 F.2d 180 (9th Cir. 1974).

■ Plaintiff has made no attempt to show that these materials were discovered or extracted from the claim prior to July 23, 1955. Plaintiff contends that even if this rock is of a common variety he has the right to remove it because the mining claim to which he succeeded was filed in 1943, twelve years before the 1955 enactment of 30 U.S.C. § 611. Plaintiff's argument relies on an incorrect legal premise. The mere act of initial filing is not sufficient to perfect a mining claim. Plaintiff must show that he has discovered a valuable mineral deposit under the "prudent man"[1] test and the complementary "marketability"[2] test. Plaintiff need not show that "assured profits were presently demonstrated, but whether, under the circumstances, a person of ordinary prudence would expend substantial sums in the expectation that a profitable mine might be developed." Adams v. United States, 318 F.2d 861, 870 (9th

Cir. 1963), *quoted and cited with approval in* Barton v. Morton, 498 F.2d 288 (9th Cir. 1974) (U. S. Appeal Pending).

■ Even assuming, *arguendo*, that plaintiff has satisfied his burden with respect to *present* marketability of the materials, this would not be sufficient to establish a right to remove the rocks if they are of a common variety. The government affiant asserts that his tests reveal that the material sought to be removed by plaintiff is of a common variety. See generally Affidavit of Emmett B. Ball, Jr., Exhibit A to the Government's Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction, and the Geologic Map of Northwestern California attached as Exhibit A to the Ball Affidavit.

■ The plaintiff has not shown to this court's satisfaction a probability of success on the merits. Accordingly, plaintiff's motion for a preliminary injunction is denied. See King v. Saddleback Junior College District, 425 F.2d 426 (9th Cir. 1970), cert. denied, 404 U.S. 979, 92 S.Ct. 342, 30 L.Ed.2d 294 (1971). The denial is of course without prejudice to the possibility of preliminary relief at some later time if plaintiff can make the requisite showing.

■ Plaintiff has moved to add as party defendants certain forest service personnel who were involved in the issuance of the letter about which plaintiff complains. The plaintiff's motion is hereby granted pursuant to this court's discretion to freely permit amendments to pleadings when justice so requires. Federal Rule of Civil Procedure 15(a).

■ Defendant has moved to dismiss or in the alternative for a change of venue to the Eastern District of Cali-

---

1. "Under [the] 'prudent-man test' in order to qualify as 'valuable mineral deposits,' the discovered deposits must be of such a character that 'a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine. * * *' Castle v. Womble, 19 L.D. 455, 457 (1894)." United States v. Coleman, 390 U.S. 599, 602, 88 S.Ct. 1327, 1330, 21 L.Ed.2d 170 (1968).

2. To qualify as "valuable mineral deposits" under the "marketability test" it must be shown that the minerals can be "extracted, removed and marketed at a profit." United States v. Coleman, 390 U.S. 599, 600, 88 S.Ct. 1327, 1329, 20 L.Ed.2d 170 (1968).

fornia. The mining claim is located in Trinity County. The defendant ranger who issued the letter to which plaintiff objects resides in Weaverville and is Acting District Ranger for the Weaverville Ranger District of the Shasta-Trinity National Forest. Given the location of all the pertinent persons and property in the Eastern District of California, this court need not decide whether venue is proper in this district. If it is not properly here, defendant concedes that venue is proper in the Eastern District and the court has the power to transfer it there pursuant to 28 U.S.C. § 1406(a). If the case is properly here, this court would in any event order it transferred to the Eastern District in the interest of justice and for the convenience of parties and witnesses pursuant to 28 U.S.C. § 1404(a).