Nestor AYALA SERRANO, Plaintiff,

v.

Jorge L. COLLAZO TORRES, et al., Defendants.

Civ. No. 83–2909 HL.

United States District Court, D. Puerto Rico.

Dec. 29, 1986.

Luis Angel Lopez Olmedo, Santurce, P.R., for plaintiff.

P.R. Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff Néstor Ayala Serrano, an inmate of the maximum security prison located in Río Piedras, Puerto Rico, brings the present action pursuant to 42 U.S.C. sect. 1983, alleging a deprivation of his civil rights under color of authority by prison officials and personnel. Specifically, plaintiff contends that prison representatives failed to take adequate measures to intervene or protect him from a near-fatal assault on May 11, 1983. He also contends that since that date, defendants have continuously refused to eliminate or reduce similar threats against plaintiff's person and life.

All defendants originally named in plaintiff's initial and First Amended Complaint have been dismissed by this Court on prior motion, due to the defendants' qualified immunity, and plaintiff's failure to state a claim. The dismissal of the previously named defendants was affirmed on appeal by the First Circuit. However, the case was remanded for consideration of plaintiff's Motion to Amend the complaint pursuant to the relation back provisions of

Rule 15(c) of the Fed.R.Civ.P. Plaintiff's motion requests the addition of Cruz Lebrón González, ("Lebrón"), the penal guard who witnessed the assault, as a named defendant in this action.

Proposed defendant Lebrón opposes plaintiff's motion on the grounds that the notice requirements of Rule 15(c) were not met, so that relation back is improper, and thus any action against him is barred by the statute of limitations. He also alleges a qualified immunity defense based upon an asserted lack of prior acts of violence against plaintiff, which he contends renders him immune from the present suit.

After careful consideration of plaintiff's moving papers, the proposed defendant's response in opposition, and the corresponding compendium of exhibits, this Court finds that plaintiff's Motion to Amend the complaint should be GRANTED.

## I. FACTUAL BACKGROUND

Plaintiff Néstor Ayala Serrano ("Ayala") is an inmate at the Commonwealth penitentiary, a maximum security prison located in Río Piedras, Puerto Rico. On May 11, 1983, at approximately 11:45 a.m., plaintiff was ascending a flight of stairs towards the prisoner's cafeteria when he was assaulted by two inmates. One assailant held plaintiff's arms and rendered him immobile while the other struck him repeatedly with a handmade prison "knife"—a sharpened piece of metal affixed to two wooden sticks with masking tape. Plaintiff sustained numerous severe stab wounds to his chest, neck, and hands, requiring immediate surgical intervention and hospitalization in the prison's Intensive Care Unit. He has sustained permanent injury and disfigurement to his chest and left hand.

When the assault occurred, prison guard Lebrón was on duty on the first floor, near the entrance to the stairs. Lebrón witnessed all, or a substantial part, of the actual stabbing. There is some dispute among the parties as to whether Lebrón was separated from the inmates by a gate at the base of the stairwell, or whether he was able to access them directly. In any event, it is clear that Lebrón did not physically intervene in the altercation, but told the assaulting inmates to desist. When the prisoners terminated their attack, Lebrón immediately attended to plaintiff's wounds. The two assaulting inmates were subsequently charged with attempted murder.

On November 28, 1983, plaintiff filed a *pro se* complaint in the federal district court, alleging a cause of action under 42 U.S.C.1983 for deprivation of his constitutional rights by prison authorities. The initial complaint, like the present action, contended that plaintiff's due process and First Amendment rights were violated by prison official's failure to provide plaintiff with condign protection from such acts of violence. Named as defendants in the original complaint were Jorge L. Collazo Torres ("Collazo"), the prison Administrator, and Carmelo González Rivera ("González"), the Superintendent of Corrections.

Plaintiff acquired court-appointed counsel in March of 1984, and filed a First Amended Complaint on June 28, 1984. Jaime Rivera Torres ("Rivera"), a prison official, and the Commonwealth Department of Corrections were named as additional defendants in the same causes of action, and were duly served. Nonetheless, the complaint as it stood was still fatally deficient. Therefore, on August 21, 1984, plaintiff filed a motion requesting leave of the court to amend the complaint. The motion seeks to name penal guard Lebrón as a defendant for the first time.

At this juncture, the District Court dismissed all defendants named in plaintiff's First Amended Complaint upon motion by defendant Commonwealth of Puerto Rico. The dismissal was grounded on plaintiff's failure to state a claim for relief under Rule 12(b)(6), and precepts of sovereign immunity. Plaintiff subsequently appealed the District Court's ruling to the First Circuit Court of Appeals.

On June 14, 1985, 764 F.2d 47, the appellate court affirmed the District Court's dismissal of all named defendants *except* Cruz Lebrón González. The case was remanded

with instructions to entertain plaintiff's August 21, 1984 Motion to Amend the complaint to include proposed defendant Lebrón. We turn now to the issues raised in plaintiff's motion and Lebrón's response in opposition.[1]

Plaintiff's motion avers that Lebrón is a proper party defendant in this action, and that the relation back provisions of Rule 15(c), Fed.R.Civ.P., allow Lebrón's belated inclusion in this litigation despite the one year statute of limitations. Lebrón, on the other hand, contends that Rule 15(c) is inapposite, as he did not have the requisite notice or knowledge of suit. He asserts that because the relation back provisions of Rule 15(c) do not apply, any action against him is time-barred. Lebrón further alleges that he is protected from suit by the doctrine of qualified immunity, in that the assault upon plaintiff was a sporadic act of violence, and such "occasional incidents" are not constitutionally actionable.

## II. THE RELATION BACK PROVISION OF RULE 15 OF THE FEDERAL RULES OF CIVIL PROCEDURE

■ Rule 15(c) of the Fed.R.Civ.P. provides that a pleading may be amended to bring in a previously unidentified defendant where that defendant's involvement in the action arises from the same factual nexus. The amended pleading then adopts the date of the original pleading, under the "relation back" provision of Rule 15.[2] The statute sets forth a two-pronged test to determine whether relation back is proper:

1) The proposed party must have received such notice of the litigation that he or she will suffer no prejudice in maintaining a defense on the merits; and

2) the proposed party knew or reasonably should have known that he or she would have been a named defendant in the action, but for an error concerning the identity of the proper party.

Both the notice of suit and the knowledge of mistaken identity must inure within the period set by the statute of limitations.[3] When these criteria are satisfied, Rule 15(c) allows the amended pleading to automatically assume the date of the preceding document. This is true even where the pleading sought to be amended is plaintiff's complaint: "If the claim asserted in the amendment arises out of the conduct or occurrence set forth in the original complaint, the amendment is given retroactive effect to the date the original complaint was filed." *Sessions v. Rusk State Hospital,* 648 F.2d 1066, 1070 (5th Cir.1981).

## A. THE DOCTRINE OF RELATION BACK OPERATES INDEPENDENTLY OF THE STATUTE OF LIMITATIONS

■ Because an amended pleading under Rule 15(c) relates back to the date of the original pleading, the expiration of the statute of limitations prior to the amendment is no bar, provided the initial pleading was timely filed. 3 Moore's *Federal Practice,* Para. 15.15, pp. 15–140 through 15–156 (2d

---

1. On March 11, 1986, defendant Lebrón filed a pleading styled "Motion for Summary Judgment," which purported to contest plaintiff's Motion to Amend the complaint without submitting to the jurisdiction of this Court. Since we have not yet determined whether the complaint should be amended to include Lebrón as a defendant, and he therefore has not answered or otherwise responded to the complaint, he cannot properly bring a Motion for Summary Judgment. Rule 12, Fed.R.Civ.P. We thus characterize Lebrón's "motion" as a response in opposition to plaintiff's Motion to Amend, and consider it accordingly.

2. "RELATION BACK OF AMENDMENTS. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Rule 15(c), Fed.R.Civ.P.

3. "An amendment changing the party against whom a claim is asserted relates back ... within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Rule 15(c), Fed.R.Civ.P.

ed. 1980). In this respect, the doctrine of relation back is a question of federal procedure, which operates independently of any state law. *American Banker's Ins. v. Colorado Flying Academy*, 93 F.R.D. 135 (D.Colo.1982); *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Therefore, if we find that Lebrón meets the relation back requirements of Rule 15, the fact that the one-year statute of limitations on plaintiff's claim has expired is of no import.

## B. AMENDMENTS UNDER RULE 15 ARE TO BE FREELY GIVEN

■ In reviewing plaintiff's motion, we are mindful that the judicial principle behind Rule 15(c) "is to ensure that the statute of limitations is not used mechanically to prevent adjudication of claims where a real party in interest was sufficiently alerted to the proceedings, or was involved in them in a practical sense from an early stage." *Hampton v. Hanrahan*, 522 F.Supp. 140, 145 (E.D.Ill.1981). Thus, amendments under this statute are to be "freely given," absent a showing of undue delay, bad faith, or dilatory tactics. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Such liberality is especially appropriate where the pleading at issue is a complaint alleging a violation of civil rights, as we have before us in the case at bar. *Canty v. City of Richmond Police Dept.*, 383 F.Supp. 1396 (D.C.Va.1974), *aff'd.*, 526 F.2d 587, *cert. denied*, 423 U.S. 1062, 96 S.Ct. 802, 46 L.Ed.2d 654 (1976).

## III. LEBRON HAD THE REQUISITE NOTICE OF PLAINTIFF'S ACTION

The May 11, 1983 assault upon which all three of plaintiff's complaints are predicat-

ed clearly qualifies as the same "conduct, transaction or occurrence," and we therefore dispense with the requirement of the same factual nexus under the rule. We turn now to what has been labeled "the critical element" [4] in determining whether an amended pleading which seeks to bring in a new party is entitled to relate back under Rule 15(c): the nature and extent of the proposed party's notice of suit under the first prong of the statutory test.

■ A proposed defendant is considered to have received sufficient notice of an action when he or she shares "an identity of interests" with the previously named defendants. "The identity of interests concept, a judicial gloss on Rule 15(c)(1), provides that the institution of the action serves as constructive notice of the action to the parties added after the limitations period expired, when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced." *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 103 (1st Cir.1979). *See also* 6 Wright & Miller, *Federal Practice and Procedure*, sect. 1499 at 516–522 (1971).[5] Thus, where the proposed party's interests are sufficiently aligned with those of the original defendant, the latter is presumed to give notice of suit to the former.

■ Such a presumption of notice is appropriate where, as here, the proposed defendant is an employee whose immediate superiors and colleagues were named and served as defendants in the initial action. *Bell v. United States Forest Service*, 385 F.Supp. 1135 (N.D.Calif.1974). Given Lebrón's presence at the scene of the as-

---

**4.** *Staren v. American Nat. Bank & Tr. Co. of Chicago*, 529 F.2d 1257,1263 (7th Cir.1976); *DeFranco v. United States*, 18 F.R.D. 156,161 (S.D. Cal.1955); *Williams v. United States*, 405 F.2d 234, 238–9 (5th Cir.1968); 3 Moore's *Federal Practice*, Para. 15.15(3) at 1025 (2d ed. 1974).

**5.** We note that the brief submitted by plaintiff's attorney in support of his Motion to Amend the complaint (incorrectly titled "Answer to Motion for Summary Judgment"—see footnote 1) fails

to address this crucial issue. Despite the ready abundance of case law and commentary on the subject, plaintiff's counsel has neglected to cite *any* authority, other than Rule 15 itself, to show that amendment of the complaint before us is proper. Instead, plaintiff's attorney has presented us with a confused and confusing brief, interspersed with inappropriate profanity, that does little to advance plaintiff's position.

sault, and his active role in subsequent investigation of the incident, it is highly unlikely that none of his co-workers or supervisors advised him of plaintiff's suit. On the contrary, we believe it more probable that this litigation was common knowledge at the prison, since plaintiff was made the subject of special protective measures by Magistrate Castellano's Order dated April 6, 1984. Prison authorities reported on April 19, 1984, that plaintiff was confined to an isolated cell "all to himself"— no small feat in the overcrowded penitentiary—in an area protected by five guards. When the Intensive Treatment Unit ("ITU") was reopened in July or August of 1984, plaintiff was transferred to that facility, in order to isolate him from potential threats. Lebrón continued to be employed as a penal guard in the ITU during that time frame, and we find it inconceivable that he was not advised, or did not inquire, as to the reason for plaintiff's special treatment.

■ Moreover, proposed defendant Lebrón has failed to make any showing of prejudice in maintaining his defense as a result of his purported lack of notice. He has not alleged unavailability of crucial witnesses, destruction of evidence, or personal inconvenience. Discovery in this case is still in a nascent stage: no parties or experts have been deposed; no subpoenas or requests for production of documents have issued, no interrogatories have been served, and trial is not imminent. Under these circumstances, Lebrón is hard put to demonstrate any undue prejudice. *Norton v. International Harvester*, 627 F.2d 18, 22 (7th Cir.1980); 3 Moore's *Federal Practice*, para. 15.08 *et seq.*, (2d ed. 1985). We are unable to discern any detriment to Lebrón's defense occasioned by the delay and thus hold the notice requirement to be satisfied.

IV. LEBRON KNEW OR SHOULD HAVE KNOWN HE WAS A PROPER DEFENDANT IN THE ACTION

We also find that the second prong of the relation back test is complied with; *viz,* that proposed defendant Lebrón knew or should have known that he was a proper party to the action within one year of the incident. Lebrón was the only prison guard present during the assault and battery, and he was called upon to give a statement and participate in the investigation conducted by prison authorities. Given his direct and crucial role in the incident, we do not see how Lebrón could remain unaware of his potential liability as a defendant.

The First Circuit case of *Hernandez Jimenez v. Calero-Toledo, supra,* is illustrative of the nature and quality of the knowledge required under Rule 15(c). The plaintiff in Hernandez filed a wrongful termination action against his immediate supervisor and the members of the reviewing commission that approved his firing. He then sought to amend the complaint to include as defendants two local political leaders, alleging that they had participated in a conspiracy to deprive him of his position as a lieutenant in the Puerto Rico Police. The statute of limitations had already elapsed, so plaintiff invoked on the relation back provisions of Rule 15. He contended that the the political leaders had a sufficient identity of interests with the defendants originally named in his termination action by virtue of their common membership in the same political party to satisfy the notice and knowledge criteria. The First Circuit rejected this argument on the grounds that the proposed defendants were too tenuously affiliated with the original parties to have knowledge that they should have been named in the first complaint. Because plaintiff failed to show continuing contact, communication or significant interaction between the existing and proposed defendants, the court found that no identity of interests existed. The court's holding was also influenced by the fact that the complaint's allegations of conspiracy were of such a general nature that it was highly unlikely the defendants sought to be named were cognizant of their potential role in the suit. It stated that the proposed defendants "could very well have believed that they were not named as par-

ties in the original complaint for tactical reasons or because appellant lacked evidence of their alleged participation in the conspiracy when he filed the complaint." 604 F.2d at page 103.

■ Such is not the case here. Plaintiff, an incarcerated prisoner, initially filed a *pro se* complaint alleging constitutional violations for prison officials' failure to intervene and protect him from assault by other inmates. Unlike the allegations in Hernandez Jimenez, we are not confronted with vague and unsubstantiated assertions of conspiracy and fraudulent concealment; rather, plaintiff alleges a specific act at a designated time and place where Lebrón was the only prison officer present. Under these circumstances, we find that Lebrón "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him," as required by Rule 15(c)(2). The essence of this action is sufficiently proximate to Lebrón's acts to accord him knowledge, actual or imputed, that he should have been a named party in plaintiff's initial action. Further, Lebrón had a sufficient identity of interests with the prison officials served with the original complaint to warrant the same conclusion. We therefore find that Lebrón had the requisite knowledge, as well as notice, of plaintiff's action within the applicable statutory period.

## V. LEBRON HAD CONSTRUCTIVE NOTICE AND KNOWLEDGE OF PLAINTIFF'S ACTION FOR PURPOSES OF RULE 15(c)

■ Even if we were to determine that Lebrón was without actual notice or knowledge of this suit during the one-year term of the statute of limitations, we would nonetheless be required to find the provisions of Rule 15(c) met by virtue of his constructive notice. Numerous courts have held that constructive knoledge of an action can be imputed to a new defendant under Rule 15 through his attorney, where the latter represented the party or parties originally sued. *Kirk v. Cronvich*, 629 F.2d 404, 408 (5th Cir.1980); *Mitchell v. Hendricks*, 68 F.R.D. 564, 567 (E.D. Penn.1975); *Kaplan Co. v. Industrial Risk Insurers*, 86 F.R.D. 484, 491 (E.D.Pa. 1980); *Loudenslager v. Teeple*, 466 F.2d 249 (3d Cir.1972).

Lebrón is being afforded legal representation in this action by the Federal Litigation Division of the Department of Justice. Attorneys from the Federal Litigation Division represented *all* of the previously named defendants served with plaintiff's initial and First Amended complaints. They not only were involved in this action since its inception, but also brought a successful Motion to Dismiss on behalf of those defendants, as discussed above. The very same attorneys have undertaken Lebrón's defense in the present suit. This fact of representation alone is sufficient to meet the relation-back criteria.

In *Ames v. Vavreck*, 356 F.Supp. 931, 943 (D.Minn.1973), the district court allowed plaintiff to amend the complaint to name several previously unidentified police officers as defendants in a civil rights action, even after the statute of limitations had run. The court reasoned that because the Assistant City Attorney who was defending the newly named officers had, in fact, represented all of the original defendants since the commencement of the suit, the officers were properly charged with constructive notice of the litigation via their attorney, and relation back under Rule 15(c) was permissible.

Analogous factual circumstances exist in the case at bar. Like the Assistant City Attorney in *Ames v. Vavreck*, who was aware that the officers were necessary parties to plaintiff's complaint, the lawyers from the Federal Litigation Division quite certainly knew that penal guard Lebrón was a proper defendant. This conclusion is irrefutable, given that these attorneys moved to dismiss plaintiff's complaint as fatally deficient for its failure "to state such things as dates, places [of injury] and defendants' relationship to the injuries suffered." Clearly, the culpable link between the assault of May 11, 1983, and the prison

officials named as defendants was Lebrón, the only guard present at the incident. Having acknowledged that Lebrón was the *sine qua non* necessary to establish a cause of action against the penitentiary and its officers, counsel for the Litigation Division obviously knew that plaintiff had erred in failing to name him as a defendant. Such knowledge is imputed to Lebrón himself: "Therefore, in the same manner in which he had notice of the action [e.g., through his attorney] ... appellee knew or should have known that he was the party who should have been sued." *Kirk v. Cronvich*, 629 F.2d 404, 409 (5th Cir.1980).

For this reason, regardless of whether we rely on principles of actual knowledge, identity of interests, or constructive notice, we find that proposed defendant Lebrón was sufficiently apprised of plaintiff's suit to satisfy the relation-back provisions of Rule 15(c). He is a proper party defendant in this action, and plaintiff's complaint shall be amended to reflect the same.

## IV. LEBRON'S QUALIFIED IMMUNITY DEFENSE

Lebrón has also asserted a qualified immunity defense in his purported Motion for Summary Judgment, alleging that plaintiff's assault was an isolated act of violence, and therefore cannot serve as a basis for liability. We decline to address this issue at this stage of the proceedings for two reasons: first, it is procedurally inappropriate, as the parties were ordered to brief only the question of amending the complaint under Rule 15, and Lebrón has not even been designated or formally served as a defendant. Secondly, the issue of Lebrón's qualified immunity requires a more detailed factual inquiry than we are able to make on the limited record available to us now. Factual determinations such as whether a gate separated Lebrón from the prisoners at the time of the assault; whether plaintiff complained to prison officials of threats or similar violent attempts prior to the attack; whether Lebrón was at a designated post or check-point when the assault occurred; and whether his conduct upon learning of the assault was reasonable, are all relevant considerations that cannot be gleaned from the sparse record embodied in the pleadings.

We therefore refrain from deciding the question of Lebrón's qualified immunity at present. This does not, however, bar Lebrón from raising a Motion for Summary Judgment or Motion to Dismiss plaintiff's complaint on the grounds of qualified immunity at a later point in time, after preliminary investigation and discovery have been completed.

## CONCLUSION

For the reasons stated above, plaintiff's Motion to Amend the complaint, requesting leave to add proposed defendant Cruz Lebrón González pursuant to Rule 15, Fed. R.Civ.P., is hereby GRANTED. A copy of the Amended Complaint shall be served upon counsel for defendant, who will then have twenty (20) days in which to answer.

IT IS SO ORDERED.