902 F.2d 34
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis R. ODUM, Plaintiff-Appellant,
v.
KNOX COUNTY, TENNESSEE; Three Unknown Deputies of Knox
County Sheriff's Department, Defendants-Appellees.
 No. 89-5987.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1990.
 
 Before RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Dennis R. Odum, a Tennessee state prisoner, appeals through appointed counsel the district court's order denying his motion to amend the complaint and dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Odum filed suit pro se in March, 1988, against three unknown deputies of the Knox County Sheriff's Department, alleging that he had been beaten by the defendants in September, 1987, resulting in three fractured vertebrae. In August, 1988, Odum moved for counsel and to amend the complaint to add the sheriff, whose name he had discovered, as a defendant. The district court denied the motion for counsel but allowed the amendment, although the sheriff was later dismissed. In December, 1988, after the expiration of the one year statute of limitations, the district court sua sponte appointed counsel for plaintiff and stayed the action for purposes of discovery. On April 14, 1989, Odum's appointed counsel moved to amend the complaint to identify the previously unknown deputies. The district court denied the motion as being barred by the statute of limitations, and the case was therefore dismissed.
 
 
 3
 Upon consideration, the court concludes that the district court abused its discretion in denying the motion to amend. Fed.R.Civ.P. 15(c) provides that an amendment changing the party against whom a complaint is asserted relates back to the date of the original pleading if, within the statute of limitations, the defendant 1) received such notice that it will not be prejudiced in maintaining its defense, and 2) should have known that, but for mistaken identity, the action would have been brought against it. The record in this case shows that both requirements were satisfied. The county and the sheriff were served with the complaint, which contained sufficient facts for them to discover the correct defendants with a minimal investigation, all the defendants have been represented by the same counsel, and defendants have alleged no specific prejudice to their defense. See Ayala Serrano v. Collazo Torres, 650 F.Supp. 722, 726-28 (D.P.R.1986). The case relied on by the district court, Jenkins v. Carruth, 583 F.Supp. 613 (E.D.Tenn.1982), aff'd without published opinion, 734 F.2d 14 (6th Cir.1984), is inapposite, as it involved adding new defendants whose identities were previously known to the plaintiff but had been omitted from the original complaint. This court has previously held that dismissal of a case for failure to name the proper defendants was improper where the correct defendants could be discerned from the record, even absent a motion to amend, the naming of "John Doe" defendants, or actual notice to the defendants. Berndt v. Tennessee, 796 F.2d 879, 882-84 (6th Cir.1986).
 
 
 4
 Accordingly, the district court's order denying the motion to amend is vacated and this case is remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.