Jimmie Lee **MITCHELL**

v.

Edward J. **HENDRICKS**, Supt. et al.

Civ. A. No. 72-2184.

United States District Court,
E. D. Pennsylvania.

Sept. 17, 1975.

See also, D.C., 68 F.R.D. 569.

---

Richard M. Bernstein, Indigent Prisoner Litigation Program, Philadelphia, Pa., for plaintiff.

Michael Minkin, Deputy Atty. Gen., Commonwealth of Pa., John L. Jenkins, James T. Lynn, III, Philadelphia, Pa., for defendant Tucker.

Francis R. Coyne, Philadelphia, Pa., for defendant Hamburg.

Benjamin Levy, Asst. City Sol., Philadelphia, Pa., for defendant Hendricks.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, Senior District Judge.

Plaintiff, in this civil rights action, has filed a Motion for Leave to file an Amended Complaint in order to substitute a new party for one incorrectly named in the original Complaint.

The basis of plaintiff's cause of action under 42 U.S.C. § 1983 is the alleged failure of certain doctors and prison officials to render medical treatment while he was incarcerated in various State Penal Institutions, one of which was the State Correctional Institution at Pittsburgh. In the Complaint, filed *pro se*[1], plaintiff named James F. Maroney as a party defendant, alleging that he was the superintendent of that institution. Later investigation has revealed, however, that Maroney was not the superintendent at Pittsburgh at the time of the events described in plaintiff's Complaint.[2]

Plaintiff now seeks to add Joseph R. Brierley, who it is alleged, was the superintendant at Pittsburgh during the relevant period of plaintiff's incarceration there. It should be noted that Brierley was also allegedly in office on February 1, 1973, that date when process was served on the originally named defendant Maroney at the prison.

The sole issue to be resolved on this Motion is whether the proposed amendment can be allowed to relate back to the date of the original Complaint. Plaintiff was confined at Pittsburgh from November 9, 1970 to January 9, 1971, and it is admitted that the applicable statute of limitations[3] as to any action arising during that time has expired. To avoid the bar of the statute, plaintiff invokes Rule 15(c) and the doctrine of relation back of amendments set forth therein. It is clear that if this doctrine is not applied, permitting the amendment now would offend the strong policies embodied in limitation statutes by allowing the assertion of a cause of action against a defendant not previously

---

[1]. Student counsel were subsequently appointed to represent plaintiff pursuant to our Local Rule 9½.

[2]. For this reason, Summary Judgment was entered in favor of the defendant Maroney on June 1, 1973.

[3]. The statute of limitations in effect in this case is the Pennsylvania two-year statute pertaining to suits for personal injury. 12 Pa. Stat.Ann. § 34. "Since the Civil Rights Acts contain no statute of limitations, the limitation to be applied is that which would be applicable in the courts of the state in which the federal court is sitting had an action seeking similar relief been brought under state law. (Citations omitted)." *Polite v. Diehl*, 507 F.2d 119 (3d Cir. 1974).

sued within the appropriate time period. On the other hand, if the requirements of the rule are met, the amendment naming Brierley as a defendant would relate back, and the claim against him would not be barred. We agree with plaintiff's position that Rule 15(c) may be applied, and accordingly, will grant the Motion.

Rule 15(c) provides that an amendment is deemed to relate back to the date of the original pleading "whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Where, however, as in the present case, the amendment seeks to change a party against whom a claim is asserted, an amendment will relate back only if two additional requirements are met:

> "An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

The purpose of these conditions is quite plainly to avoid the significant prejudice to one who, solely because of an untimely amendment to a party's Complaint, must defend against a stale claim. As Professor Moore has stated:

> "This provision characterizes the relationship which must exist between the action and the party to be joined, to justify denying the protection of the statute of limitations. The first re-

quirement guarantees that the new party has received notice of the proceeding which, although informal, was sufficient to satisfy the limitations policy. The second condition, . . . further defines the type of unofficial notice which can serve as an effective alternative to formal action within the period of limitations."

3 Moore's Federal Practice § 15.15[4.–2] at p. 1050; see also, Wright and Miller § 1498.

There is no question that the claim against Joseph Brierley arose out of the same "conduct, transaction or occurrence" that is set forth in the original Complaint. In fact, exactly the same operational facts are alleged; only a different party defendant is now named. Plaintiff argues that the requirements of subsections (1) and (2) of Rule 15(c) are met as well by the fact that service of process was made at the Pittsburgh prison when Brierley was actually the superintendent.

In opposition to the Motion, the Commonwealth contends that Rule 15(c) does not apply to an amendment joining additional parties. This argument, however, mistakes both the Rule and the nature of Plaintiff's Motion. Plaintiff clearly intended to sue the superintendent of the prison during the time he was there, and by this motion seeks to substitute one party for another who was incorrectly named. We find no merit to any suggestion that summary judgment removed the originally named defendant as a party of record and therefore plaintiff's motion now involves the *addition* and not the *changing* of a party to the action. Moreover, Rule 15(c), at least since the most recent amendments to its provisions in 1966, specifically applies to "an amendment changing the party against whom a claim is asserted" so long as the requirements of the Rule are met. See, generally, 3 Moore's Federal Practice § 15.15[4.–2] [4]

---

4. It was originally felt that Rule 15(c) could apply only to cases involving a misnomer,

where, for example, ABC Co. was named as a party when in fact, its correct name was

Thus, in order to permit the amendment, we must assess whether or not the intended defendant Brierley had notice of the action, at least informally, and knew or should have known the defendant Maroney was incorrectly named as superintendent in plaintiff's Complaint. We believe that the record before us is sufficient to demonstrate such informal notice.

As noted above, the Complaint naming James F. Maroney as superintendent was served at the Pittsburgh facility at a time when Brierley was in office. Although the Marshal's return indicates that service was not made directly on the superintendent, the Complaint was accepted by a Records Officer at the prison and presumably brought to the attention of the superintendent (Brierley). Even if the matter did not come directly to his attention, process in fact was delivered to the superintendent's office and accepted by his agent. We believe that this "service" itself was enough to provide the required degree of informal notification of this action. Since such constructive service is valid for all purposes in an ordinary case (F. R.Civ.P. 4(d)(1)), we see no reason why it was not enough here where the notice standards are less stringent.

It is plaintiff's contention also that notice to the proposed defendant Brierley can be imputed to him through the Commonwealth attorney who represents all of the state officials and personnel in this case.[5] We agree that this constructive notice too is sufficient to meet the requirements of Rule 15(c). Imputing the requisite notice to the intended party in this manner is not unique. We

find support for our conclusion in the case of *Ames v. Vavreck,* 356 F.Supp. 931 (D.Minn.1973) wherein the Court permitted amendments substituting named individual police officers for "John Doe" defendants were an Assistant City Attorney had represented all of the Municipal defendants from the time of the institution of the action. Other courts have found such constructive notice sufficient to allow the relation back of amendments in other situations as well. See, *Loudenslager v. Teeple,* 466 F.2d 249 (3d Cir. 1972); *Brennen v. Estate of Smith,* 301 F.Supp. 307 (M.D. Pa.1969) (in each case, notice to a personal representative allowed action against the Estate of the deceased defendant); and *Swartzwalder v. Hamilton,* 56 F.R.D. 606 (M.D.Pa.1972) (notice through counsel and insurance carrier allowed suit against actual driver in automobile accident).

Accordingly, we find that Joseph Brierley had sufficient informal notice of this action, either personally or through counsel, and that he or his counsel knew or *should have known* that but for the mistake in naming the correct party, the action would have been against him.

Having made that determination, however, there is a further issue that is of greater concern which seemingly both sides have overlooked. The prefatory clause to sub-sections (1) and (2) of Rule 15(c) provides that whatever the nature of the informal notice to the party to be brought in by amendment, it must come "within the period provided by law for commencing the action against him." F.R.Civ.P. 15(c). In the

---

ABC, Inc. However, with the addition of the 1966 amendment to the Rule our courts have concluded that "the word 'changing' must be given a sensible and practical construction." *Meredith v. United Air Lines,* 41 F.R.D. 34, 39 (S.D.Cal.1966). It clearly implies the addition or substitution of new parties for ones incorrectly named in situations like that presented in the case at bar. See, Moore's Federal Practice, supra, at p. 1049.

5. Although plaintiff does not advise the Court exactly when he asserts the Attorney General first learned of this lawsuit, we note from an earlier record paper that the Complaint was received in the Eastern Regional Office of the Attorney General, on February 5, 1973. (Defendant's Motion for Extension of Time, Docket No. 8, filed March 2, 1973).

instant case, the events which we have found adequately alerted Superintendant Brierley of this action occurred on February 1, 1973, when the summons was delivered to the prison, and on February 5, 1973, when the Commonwealth attorney received the Complaint. No facts or allegations appear in the record from which we can say that the applicable limitations period could have extended beyond January 9, 1973, two years from the last day of plaintiff's incarceration at Pittsburgh. Nonetheless, we have concluded that the proposed amendment should be allowed to relate back.

Plaintiff filed an application to proceed in forma pauperis on November 3, 1972; however, because of insufficiencies in his affidavit of poverty, no action was taken by the Court at that time. After an extension of time was granted, plaintiff filed an amended affidavit on December 20, 1972. Subsequently, this case was transferred from another Judge in this district to our Court. An Order granting leave to proceed was entered on January 24, 1973, and the Complaint was filed. The Complaint was received, as noted, at the Pittsburgh institution on February 1, 1973 and by the Attorney General's office on February 5, 1973. It is clear that plaintiff "commenced" this action well within the limitations period. Under our Rules, the statute of limitations is deemed to be tolled upon receipt of the complaint by the Clerk of Court although formal filing does not take place until the disposition of the in forma pauperis petition. F.R.Civ.P. 3; *Rosenberg v. Martin,* 478 F.2d 520, 522 (2d Cir. 1973) at footnote 1a; *Mohler v. Miller,* 235 F.2d 153 (6th Cir. 1956).

The essence of the procedural requirements of Rule 15(c) is to avoid the prejudice to a previously unnamed party in depriving him of the protection of the statute of limitations. See, *Strauss v. Rex,* 191 F.Supp. 128, 129 (W.D.Pa. 1960). We have no doubt that had plaintiff's original petition been more promptly ruled upon and service of process accordingly more promptly been made, that this proposed defendant would have received notice of this action within the statutory period. In the ordinary case, the law is well-settled that the statute of limitations is not a defense for a party served after the limitations period has expired so long as the action was "commenced" within the relevant period. See, generally, Moore's Federal Practice § 3.07 [4.–3–2]. It is the *commencement* of the action itself which tolls the statute and affords such protection as its policies demand. Similarly, herein, we believe that this defendant received adequate notice "within the period provided by law for commencing the action against him" where he in fact was made aware of the action and the mistake in naming the superintendent by means of service of process within a reasonable time after the action was properly "commenced". Such a ruling treats the defendant Brierley no differently than the defendant who knows nothing of a lawsuit, "commenced" under applicable procedural rules, until after the limitations period has run, and to whom, nonetheless, the defense is of no avail. We hold that the protection of the statute of limitations in its strictest sense, insofar as it is incorporated in the provisions of Rule 15(c), is not available to the proposed defendant Brierley, and accordingly the amendment naming him as superintendant at the State Correctional Institution at Pittsburgh will be allowed to relate back to the date of the original Complaint.

What we effectively do here is to extend "the period provided by law" as stated in Rule 15(c) to include the time during which service of the summons and complaint sought to be amended may validly be made. Under the facts and circumstances of this case, we do not deem it appropriate or just to enforce an overly technical interpretation of the Rule against this plaintiff. The matter

at issue, which arises only in hindsight, occurred largely for reasons beyond plaintiff's control. To require him now to attempt to overcome the results of the events which occurred would unfairly burden plaintiff and prevent a determination of his claim against this defendant on its merits, particularly where all of the other requirements of Rule 15(c) are met. In our view, the result is justified and in accordance with the spirit of the Rules which prescribe that the Court exercise its discretion freely and grant leave to amend "when justice so requires". F.R.Civ.P. 15(a). The motion will be granted.

See also, D.C., 68 F.R.D. 564.