**Simmie L. ADAMS, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 84–4508.**

United States District Court, E.D. Pennsylvania.

July 9, 1985.

Lorenzo W. Crowe, Jr., Easton, Pa., for plaintiff.

Edward S.G. Dennis, Jr., U.S. Atty., Michael L. Martinez, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiff Simmie Adams brought this action seeking judicial review of the Secretary's denial of his claim for disability benefits. The government has filed a motion to dismiss plaintiff's complaint, contending that it was not timely filed. For reasons that follow, this motion will be denied.

The following facts are undisputed. On July 24, 1984, the Secretary rendered her final decision, denying Adams' claim for supplementary security income benefits. On September 20, 1984, plaintiff filed a motion to proceed in forma pauperis which was accompanied by a complaint seeking review of the Secretary's denial of benefits. On November 9, 1985, plaintiff's motion to proceed in forma pauperis was granted and his complaint was filed of record.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) provides that a person may obtain review of a final decision of the Secretary "by a civil motion commenced within sixty days after the mailing to him of such decision or within any further time as the Secretary may allow." The government contends that although the motion to proceed in forma pauperis was filed within the 60-day provision of section 205(g), the complaint was not filed until after the period had expired, and the action should be dismissed.

It almost goes without saying that an action is not commenced until a complaint has been filed. Fed.R.Civ.P. 3. While a complaint accompanied by a motion to proceed in forma pauperis is not deemed "filed" until leave to proceed in forma pauperis is granted, the filing of the motion has been held to toll applicable statutes of limitations. *See Krajci v. Provident Consumer Discount Co.*, 525 F.Supp. 145, 149 (E.D.Pa.1981); *Mitchell v. Hendricks*, 68 F.R.D. 564, 568 (E.D.Pa.1975).

The question becomes whether the 60-day provision of section 205(g) is subject to tolling. The Supreme Court has equated this provision to a statute of limitations for purposes of waiver. *See Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9, 96 S.Ct. 893, 899 n. 9, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 763–64, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975). Because the court has treated the 60-day period as a statute of limitations, the 60-day period would also be susceptible to being tolled under certain circumstances. *Cf. Zipes v.*

64

*Transworld Airlines,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) (42 U.S.C. § 2000e–5(f)(3), providing the time limitation for the commencement of an action under Title VII of the Civil Rights Act of 1964, is equivalent to a statute of limitations and, as such, is subject to equitable tolling). *See also Chiaradonna v. Schweiker,* 569 F.Supp. 1471, 1473 (E.D. Pa.1983).

Against this background, it is clear that although the action was not commenced within 60 days of the mailing to the plaintiff of the secretary's final decision, the filing of the motion to proceed in forma pauperis within the 60-day period tolled the time for commencement of the action, and, therefore, the action was timely commenced. *Accord Holden v. Heckler,* 584 F.Supp. 463, 502–03 (N.D.Ohio 1984).

An order follows.

### ORDER

AND NOW, this 9th day of July, 1985, defendant's motion to dismiss plaintiff's complaint is hereby denied.