UNITED STATES of America, Plaintiff,

v.

Vincent GIGANTE, a/k/a "Chin"; New England Motor Freight, Inc., and Myron Shevell, Defendants.

Civ. A. No. 88–4396.

United States District Court,
D. New Jersey.

March 26, 1990.

Samuel A. Alito, Jr., U.S. Atty., Dist. N.J. by Colette R. Buchanan, Asst. U.S. Atty., Newark, N.J., for plaintiff.

Barry I. Slotnick, Louis H. Benjamin, Slotnick & Baker, New York City, for defendants.

## OPINION

HAROLD A. ACKERMAN, District Judge.

This is a civil action brought by the United States of America under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, ("RICO"), against defendant, Vincent Gigante, among other defendants. Presently before the Court is a motion on behalf of defendant Gigante to dismiss the Amended Complaint filed on February 10, 1989 for failure to state a

claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The United States had moved to file a Second Amended Complaint which was denied in September, 1989.

In considering a 12(b)(6) motion, I must accept as true all factual allegations embodied in the complaint and all inferences that can be drawn from them. *Ransom v. Marrazo*, 848 F.2d 398, 401 (3d Cir.1988). The complaint may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Ransom, supra*, at 401. For the purposes of a 12(b)(6) motion, I will only consider those allegations contained in the pleadings.

Defendant, Gigante, raises five challenges to the sufficiency of plaintiff's Amended Complaint. Defendant claims that RICO is unconstitutionally vague; that the Amended Complaint fails to allege a pattern of racketeering activity; that the Amended Complaint fails to identify the "enterprise"; that the Amended Complaint contains conclusory allegations that are insufficient as a matter of law; and that the relief requested cannot be granted. I shall address each of these arguments *seriatim*.

## I. Constitutionality of RICO

■ Defendant has challenged RICO's pattern requirement as unconstitutionally vague. "It is established that a law fails to meet the requirements of the due process clause if it is so vague and standardless that it leaves judges or juries free to decide, without legally fixed standards, what is prohibited and what is not in each particular case." *Giaccio v. Penn.*, 382 U.S. 399, 403, 86 S.Ct. 518, 521, 15 L.Ed.2d 447 (1966); *Lanzetta v. New Jersey*, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939). A law must provide reasonably precise standards to those charged with enforcing it in order to prevent the dangers of arbitrary and discriminatory application. *Grayned v. City of Rockford*, 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972). Therefore, the issue here is whether RICO's definition of a pattern provides adequate notice to defendant that his alleged conduct is prohibited under the RICO statute.

Prior to the Supreme Court's decision in *H.J., Inc. v. Northwestern Bell Tele. Co.*, 492 U.S. ——, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989), the courts consistently held that RICO is not unconstitutionally vague, because the statute provides sufficient notice of the conduct that is prohibited. *See, e.g., United States v. Swiderski*, 593 F.2d 1246, 1249 (D.C.Cir.1978), *cert. denied*, 441 U.S. 933, 99 S.Ct. 2056, 60 L.Ed.2d 662 (1979); *United States v. Parness*, 503 F.2d 430, 442 (2d Cir.1974), *cert. denied*, 419 U.S. 1105, 95 S.Ct. 775, 42 L.Ed.2d 801 (1975); *United States v. Stofsky*, 409 F.Supp. 609, 612–14 (S.D.N.Y.1973), *aff'd*, 527 F.2d 237 (2d Cir.), *cert. denied*, 429 U.S. 819, 97 S.Ct. 66, 50 L.Ed.2d 80 (1976).

■ *H.J. Inc.* provides further guidance, not less, to the lower courts concerning the facts necessary to establish a "pattern of racketeering activity." For example, the Court states that a "pattern of racketeering activity" requires "continuity plus relationship." 492 U.S. at ——, 109 S.Ct. at 2900, 106 L.Ed.2d at 208. The Court then explains what is meant by "relatedness" and "continuity." In particular, predicate acts are "related" if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." 492 U.S. at ——, 109 S.Ct. at 2901, 106 L.Ed.2d at 208. With respect to the element of "continuity", this is "centrally a temporal concept". *Id.* 492 U.S. at ——, 109 S.Ct. at 2902, 106 L.Ed.2d at 209. "Continuity" refers "either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *Id.* Therefore, ample guidance is provided as to what is meant by the phrase "pattern of racketeering activity." The constitutionality of a statute must be determined not by its facial language, but rather, the law is judged as it is construed by the courts.

*See Kolender v. Lawson,* 461 U.S. 352, 355, 103 S.Ct. 1855, 1856–57, 75 L.Ed.2d 903 (1983).

Furthermore, while defendant relies upon Justice Scalia's concurrence in *H.J., Inc.,*[1] in *Fort Wayne Books, Inc. v. Indiana,* 489 U.S. 46, 109 S.Ct. 916, 103 L.Ed.2d 34 (1989), a majority of the Court upheld the Indiana RICO law in the face of a vagueness challenge. In *Fort Wayne,* the Indiana RICO law was challenged on the grounds that the statute was unconstitutionally vague as applied to predicate acts of violating the obscenity laws. In an opinion joined by a majority of the Justices, the Court opined:

> We find no merit in petitioner's claim that the Indiana RICO law is unconstitutionally vague as applied to obscenity predicate offenses. Given that the RICO statute totally encompasses the obscenity law, if the latter is not unconstitutionally vague, the former cannot be vague either.... [B]ecause the scope of the Indiana RICO law is more limited that the scope of the State's obscenity statute—with obscenity related RICO prosecutions possible only where one is guilty of a pattern of obscenity violations—it would seem that the RICO statute is inherently *less* vague than any state obscenity law; a prosecution under the RICO law will be possible only where all the elements of an obscenity violation are present, and then some.

*Fort Wayne, supra,* 489 U.S. at ———— & n. 7, 109 S.Ct. at 925 & n. 7 (1989) (emphasis in original).

Following this reason, espoused by a majority of the Court, RICO is not constitutionally vague, because it is inherently *less* vague than any of the statutes prescribing each of the predicate acts under RICO. A prosecution under the RICO law will be possible only where all the elements of violations of two predicate offenses are present and then some. Moreover, each of

the predicate offenses, and thus a pattern of such offenses, requires mens rea. "A scienter requirement may mitigate a law's vagueness." *Village of Hoffman Estates, infra,* 455 U.S. at 499, 102 S.Ct. at 1193; *see also United States v. Ragen,* 314 U.S. 513, 524, 62 S.Ct. 374, 378–79, 86 L.Ed. 383, *reh'g denied,* 315 U.S. 826, 62 S.Ct. 620, 86 L.Ed. 1222 (1942) ("[a] mind intent upon willful [tax] evasion is inconsistent with surprised innocence").

■ It must be remembered that we are not confronted with First Amendment considerations and thus, defendant Gigante can only complain to the extent the RICO law fails to provide adequate notice that *his* alleged conduct is proscribed by the statute. *See The Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1981), *reh'g denied,* 456 U.S. 950, 102 S.Ct. 2023, 72 L.Ed.2d 476 (1982), where the Supreme Court explained:

> vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand. One to whose conduct a statute clearly applies may not successfully challenge it for vagueness.

*Id.* 455 U.S. at 495 n. 7, 102 S.Ct. at 1191 n. 7 (citations omitted). Thus, a statute will not be void for vagueness simply because it is difficult to determine in marginal cases whether the conduct falls within the law's proscriptions. *See, e.g., United States v. Powell,* 423 U.S. 87, 93, 96 S.Ct. 316, 320, 46 L.Ed.2d 228 (1975) ("[w]hile doubts as to the applicability of the language in marginal fact situations may be conceived, ... the statute gave respondent adequate warning").

The defendant's vagueness challenge comes before this Court upon a motion to dismiss and all allegations of the Complaint must be accepted as true. In light of the

---

1. In particular, in his concurrence, Justice Scalia opined:

    No constitutional challenge to this law has been raised in the present case, and so that issue is not before us. That the highest Court in the land has been unable to derive from this statute anything more than today's meager guidance bodes ill for the day when that challenge is presented. *H.J., Inc., supra,* 492 U.S. at ———, 109 S.Ct. at 2908–09, 106 L.Ed.2d at 218 (Scalia, J. concurring).

allegations directed against defendant and the abundant case law, discussed above, which compels a finding that RICO is not unconstitutionally vague, it is difficult to conceive how defendant, Gigante, can complain that RICO is unconstitutionally vague as applied to his alleged conduct. This is not a marginal case. Gigante is alleged to have been the leader of the Genovese Crime Family and to have willfully conspired for and caused the predicate acts of extortion, fraud, bribery, and others, during the years 1977 through June, 1986. As is discussed in more detail below, there can be no question that the allegations of the Amended Complaint give rise to a "pattern of racketeering activity." Accordingly, defendant's motion to dismiss the Amended Complaint on the grounds that RICO is unconstitutionally vague as applied to the allegations directed against him is denied.

## II. Sufficiency of Allegations Concerning A Pattern Of Racketeering Activity

■ Defendant, Gigante, argues that the Amended Complaint fails to state a claim against him, because it fails to allege that Gigante engaged in a pattern of racketeering activity. The meaning of the term "pattern of racketeering activity" as used in RICO is discussed above.

The Amended Complaint generally alleges that defendant Gigante is the leader of the "Genovese Crime Family"; that the "Provenzano Crime Group" is a faction of the "Genovese Crime Family" and that Gigante conspired with members of these groups to commit various predicate acts in order to, inter alia, maintain an interest in and control over Local 560 of the International Brotherhood of Teamsters, ("Local 560"), which is a labor organization. See, e.g., Amended Complaint, paragraphs 3, 4,

and 4a. The Amended Complaint then sets forth a large number of predicate acts conducted through the Provenzano Crime Group and the Genovese Crime Family. See Amended Complaint, paragraph 7, subparts a through g, and paragraph 8, subparts a through c. In light of these allegations, defendant's argument that there is no link alleged between Gigante and the Provenzano Crime Group is lacking in merit. See Defendant's brief at 4. Plaintiff alleges that Gigante is the boss of the Genovese Crime Family and that the Provenzano Crime Group is just a faction of the Genovese Crime Family.

Further, in paragraph 8, the Amended Complaint specifically alleges that during the years from late 1977 until June, 1986, defendant Gigante conspired for and willfully caused the predicate acts of extortion, fraud, and bribery, in violation of 18 U.S.C. §§ 664, 1341, 1343, and 1951, and 29 U.S.C. § 501(c). See Amended Complaint, paragraph 8 and subparts. All of these activities are alleged to be related in that they are alleged to have been conducted for the purpose of maintaining an interest in and control over Local 560. Id. These allegations clearly state a claim for a "pattern of racketeering activity." The acts are alleged to have the "same or similar purposes, results, participants, victims," etc., which are the characteristics of relatedness as defined in H.J. Inc., see 492 U.S. at ——, 109 S.Ct. at 2900–01, 106 L.Ed.2d at 208. With regard to the continuity aspect of the pattern, the predicate acts are alleged to have been conducted over a period of about nine years.

■ Moreover, there is no need for plaintiffs to allege that Mr. Gigante personally committed or agreed to commit the racketeering activities to state a claim under RICO.[2] Plaintiff alleges violations of Sec-

---

**2.** There are a number of paragraphs in the Amended Complaint that specifically refer to Mr. Gigante by name. Paragraph 4a states that

> The defendant VINCENT GIGANTE, a/k/a "Chin", is the current "boss" of the Genovese Crime Family Enterprise and conducts its business affairs from a social club located on Sullivan Street in Manhattan. Within the confines of the Mafia family, the "boss" is sovereign ...

Paragraph 8 states:

> Continuously since at least February 8, 1984, the defendant, VINCENT GIGANTE, unlawfully did conspire with Anthony Salerno, Matthew Ianniello and others to maintain the Genovese Crime Family's interest in and control of Local 560 through a pattern of racke-

tion 1962(d) of RICO. A 1962(d) violation merely requires proof that the defendant agreed that a pattern of racketeering activities would be committed and the defendant need not personally agree to commit those acts. *See United States v. Local 560, Int'l Brothers of Teamsters*, 581 F.Supp. 279, 331 (D.N.J.1984), *aff'd*, 780 F.2d 267 (3d Cir.), *cert. denied*, 476 U.S. 1140, 106 S.Ct. 2247, 90 L.Ed.2d 693 (1986); *see also United States v. Adams*, 759 F.2d 1099, 1116 (3d Cir.), *cert. denied*, 474 U.S. 906, 106 S.Ct. 275, 88 L.Ed.2d 236 (1985) ("[w]e now decide that to be convicted of a RICO conspiracy, a defendant must agree to the commission of the predicate acts, and need not agree to commit personally those acts").

In addition, with respect to the remaining allegations under Section 1962, "conspiracy can properly be charged as a predicate act of racketeering under RICO, at least when it involves any of the substantive offences" [sic] listed under Section 1961(1). *United States v. Ruggiero*, 726 F.2d 913, 918 (2d Cir.), *cert. denied*, 469 U.S. 831, 105 S.Ct. 118, 83 L.Ed.2d 60 (1985), *citing United States v. Weisman*, 624 F.2d 1118 (2d Cir.), *cert. denied*, 449 U.S. 871, 101 S.Ct. 209, 66 L.Ed.2d 91 (1980); *United States v. Biaggi*, 672 F.Supp. 112, 122 (S.D.N.Y.1987). To establish a 1962(c) violation where a conspiracy serves as a predicate act, plaintiff need only prove that defendant engaged in a conspiracy to commit a predicate act and that a co-conspirator actually engaged in a pattern of racketeering activities. In light of these requirements, the Amended Complaint adequately alleges a "pattern of racketeering activity" chargeable to defendant, Mr. Gigante.

III. *Allegations as to the Enterprise*

Defendant, Gigante, next alleges that the Amended Complaint is deficient for failure to properly plead the existence of an "en-

terprise". However, defendant acknowledges that the Amended Complaint identifies the Genovese Crime Family as "a group of individuals who are associated together in fact as an *enterprise.*" Amended Complaint, paragraph 4 (emphasis supplied). Therefore, as relates to the Genovese Crime Family enterprise, defendant's argument lacks merit.

■ Plaintiff also states that the Amended Complaint sufficiently identifies Local 560 as an enterprise. Although the Amended Complaint does not expressly state that Local 560 is an "enterprise," the allegations of the Amended Complaint are sufficient to put the defendant on notice that this is alleged. *See Rose v. Bartle*, 871 F.2d 331, 355 (3d Cir.1989) ("Under the modern federal rules, it is enough that a complaint put the defendant on notice of the claims against him"). In particular, paragraph 8 of the Amended Complaint states, in part, that

> Gigante, unlawfully did conspire with ... others to maintain the Genovese Crime Family's interest in and control of Local 560 through a pattern of racketeering activity and to cause its affairs to be conducted through an interrelated pattern of racketeering activity.

This allegation parrots the language of the RICO statute. A violation is established under Section 1962(b) when the defendant acquires any interest in or control over the enterprise through a pattern of racketeering activities. *See* 18 U.S.C. § 1962(b). A Section 1962(c) violation is established where the defendant conducts or participates in the affairs of an enterprise through a pattern of racketeering activities. *See* 18 U.S.C. § 1962(c). Since the allegations of the Amended Complaint track the language of the statute, sufficient notice is provided that Local 560 is an alleged enterprise. *Compare Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162,

teering activity and to cause its affairs to be conducted through a pattern of racketeering activity.
Paragraph 8(b)(2) states:
The defendant Vincent Gigante as the leader of the Genovese Crime Family did willfully cause said violations.

Paragraph 8(c)(3) states:
The defendant Vincent Gigante, as the Supervisor of Anthony Salerno and Matthew Ianiello in the Genovese Crime Family, unlawfully did induce and willfully cause the said violations.

1166 (3d Cir.1989) (failure to expressly allege that the enterprise has affected interstate commerce is immaterial).

■ Indeed, it appears that defendant acknowledges that Local 560 is alleged to be an enterprise, because defendant next argues that, *even if* Local 560 is an enterprise, defendant was not associated with it. However, the Amended Complaint alleges that Gigante was the boss of the Genovese Crime Family and that this family conducted the affairs of Local 560 through a pattern of racketeering activities. Therefore, any associational requirement is adequately pled. *See Eaby v. Richmond,* 561 F.Supp. 131 (E.D.Pa.1983), and *United States v. Provenzano,* 688 F.2d 194 (3d Cir.), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 492, 74 L.Ed.2d 634 (1982), which hold that there need not be an associational element *apart* from the pattern of racketeering activities themselves. *See Provenzano, supra,* at 200; *Eaby, supra,* at 138–39.

Accordingly, the Amended Complaint will not be dismissed for failure to allege an "enterprise" or that Gigante "associated with" that enterprise.

## IV. *Sufficiency of the Allegations Relating to the Conspiracy*

■ Gigante argues that the Amended Complaint fails to state a claim with sufficient particularity, because the Amended Complaint merely contains conclusory allegations that defendant conspired with others to violate Section 1962 of RICO and it otherwise runs afoul of Rule 8. *See* Db. at 24–31. However, Rule 8 merely requires that the pleading state a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed.R.Civ.P.* 8(a)(2). "It is the function of discovery to fill in the details and of trial to establish fully each element of the cause of action." *Seville Indus. Mach. v. Southmost Mach.,* 742 F.2d 786, 790 (3d Cir.1984), *cert. denied,* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985). It is enough that the pleadings place the defendant on fair notice of the claims that are being asserted against him. *See Conley, supra,* 355 U.S. at 47, 78 S.Ct. at 102–03.

■ As discussed above, the Amended Complaint adequately states a claim with respect to the "pattern" and "enterprise" elements. Nevertheless, defendant argues that the allegations of a conspiracy entered into by defendant are not sufficient under the Rule 8 standard. "To plead conspiracy adequately, a plaintiff must set forth allegations that address (1) the period of the conspiracy; (2) the object of the conspiracy; and (3) the certain actions of the alleged conspirators taken to achieve that purpose." *Shearin, supra,* at 1166; *Odesser v. Continental Bank,* 676 F.Supp. 1305, 1312–13 (E.D.Pa.1987). In addition, plaintiff must allege that defendant knowingly participated in the conspiracy. *Odesser, supra,* at 1312.

Here, each of these requirements are satisfied. The period of the conspiracy in which Gigante allegedly engaged is identified as "continuously since at least February 8, 1984." Amended Complaint, paragraph 8. The object of the conspiracy is stated: "to maintain the Genovese Crime Family's interest in and control of Local 560 through a pattern of racketeering activity and to cause its affairs to be conducted through an interrelated pattern of racketeering activity." *Id.* This was further explained in subsequent paragraphs. For example, in paragraph 8(a) it states that "[t]he object of the said conspiracy was to enrich the various participants therein at the expense of the Local 560." A number of predicate acts allegedly committed in furtherance of the conspiracy are then stated in each of the various subparts to paragraph 8 of the Amended Complaint. Finally, the Amended Complaint alleges that Gigante willfully procured and induced each of the predicate acts alleged in the subparts to paragraph 8. *See* Amended Complaint, paragraphs 8(b)(2) and (c)(3). Accordingly, the Amended Complaint identifies the alleged conspiracy with sufficient particularity to withstand a challenge under Rule 8 and the Amended Complaint should not be dismissed on such grounds.

■ Defendant, Gigante, also argues that the Amended Complaint fails to allege

the predicate acts with sufficient particularity to satisfy Rule 8 requirements. However, paragraph 8 alleges that Gigante continued the predicate acts alleged in paragraph 7 which are clearly identified. *See* Amended Complaint, paragraphs 7 and 8. Further, the subparts to paragraph 8 of Amended Complaint allege that additional predicate acts were thereafter committed. Specifically, paragraph 8(a) alleges an unlawful "labor peace payoff scheme" and identifies its participants, the method by which the scheme was committed, the time frame during which it was committed, and that this scheme was in violation of 29 U.S.C. § 186, which is a predicate act under RICO, *see* 18 U.S.C. § 1961(1)(C). Likewise, paragraph 8(b) alleges acts of extortion and misappropriation of union assets in violation of 18 U.S.C. §§ 664, 1341, 1342, 1951 and 1952, (which are predicate acts under 18 U.S.C. § 1961(1)). Paragraph 8(b) goes on to identify the approximate date, the participants, victims, and the general methods by which these acts were committed. Paragraph 8(c) similarly alleges additional acts of extortion and misappropriation of union assets. Accordingly, the Amended Complaint should not be dismissed for failure to identify the alleged predicate acts with sufficient particularity.

V. *The Relief Requested*

Lastly, defendant argues that the Amended Complaint should be dismissed, because the relief requested by the United States cannot be granted. However, "a meritorious claim will not be rejected for want of a prayer for appropriate relief." *Holt Civic Club v. Tuscaloosa*, 439 U.S. 60, 66, 99 S.Ct. 383, 387, 58 L.Ed.2d 292 (1978); *see also United States v. Bonanno Organized Crime Family*, 683 F.Supp. 1411, 1442 (E.D.N.Y.1988) ("a complaint should not be dismissed for legal insufficiency except where there is a failure to state a claim upon which *some* relief, not limited by the request in the complaint, can be granted") (emphasis in original). Therefore, defendant's argument is lacking in merit and the Amended Complaint should not be dismissed on the grounds that the prayer for relief is inappropriate.

For all the foregoing reasons, defendant's motion to dismiss the Amended Complaint is hereby denied.