**Roosevelt ADAMS**

v.

**PERLOFF BROTHERS, INC., t/a Tartan Foods, Jeff Corson, Corson's, Inc. and Thomas Perloff.**

Civ. A. No. 91–2991.

United States District Court, E.D. Pennsylvania.

Feb. 28, 1992.

---

Joe H. Tucker, Jr., Litvin, Blumberg, Matusow & Young, Philadelphia, Pa., for plaintiff.

Jeffrey L. Braff, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for defendant Perloff Bros. and Thomas Perloff.

John R. O'Donnell, Zarwin & Baum, P.C., Philadelphia, Pa., for defendant Jeff Corson and Corson's Inc.

## MEMORANDUM

BARTLE, District Judge.

This case involves allegations of unlawful employment practices under the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* A related violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, is also alleged.

Plaintiff, Roosevelt Adams ("Adams"), a black man born in 1933, has sued Perloff Brothers, Inc., trading as Tartan Foods ("Tartan"); Thomas Perloff ("Perloff"), a Tartan principal; Corson's, Inc. ("Corson's"), plaintiff's former employer; and

Jeff Corson ("Corson"), a Tartan employee and a prior president of Corson's. From 1961 until September of 1989 Corson's employed plaintiff Adams as a truck driver. On or about September 9, 1989, Corson's ceased operation and Tartan acquired substantially all of its assets.

According to his amended complaint, plaintiff was a bargaining unit member of Teamsters Local 500 while he was a Corson's employee. As such, he was entitled to the benefits of the Local's collective bargaining agreement which included seniority and other beneficial provisions. Tartan and Corson's, however, agreed not to honor the collective bargaining agreement when Tartan acquired Corson's, and conspired to conceal that fact from both the union and Corson's union employees.

Plaintiff's complaint further alleges that he was laid off by Corson's on or about September 7, 1989, and was then told that he could not work for Tartan as a full time employee because he was too old and had too much seniority. He was also informed that he would lose all seniority benefits in the event that Tartan ever decided to hire him. Thereafter, Tartan hired other Corson's drivers. Those drivers, however, were white, and all were younger than Adams, with less seniority.

Based on the foregoing, plaintiff has alleged race and age discrimination, as well as a conspiracy to interfere with his attainment of rights under severance or other cash benefit plans. Defendants have moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all of plaintiff's claims on the ground that plaintiff has failed to state a claim upon which relief can be granted. For the reasons set forth below, defendants' motions will be denied.

■ One of the two motions to dismiss now before the Court is a joint motion filed by Corson's and Corson. The second motion, a joint motion filed by defendants Tartan and Perloff, is also labelled a motion to dismiss. It, however, contains matters outside the pleadings. That motion,

therefore, will be treated as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 12(b); *Boyle v. Governor's Veteran's Outreach & Assistance Center,* 925 F.2d 71, 74 (3d Cir.1991).[1]

The law to be applied in deciding summary judgment motions is well settled. To obtain summary judgment the moving party(ies) must establish that no genuine issues of material fact remain in dispute. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In deciding whether this standard has been met the evidence must be viewed in the light most favorable to the nonmoving party. *Weldon v. Kraft, Inc.,* 896 F.2d 793, 797 (3d Cir.1990).

■ In ruling upon a motion to dismiss under Rule 12(b)(6), the court must presume that all factual allegations contained in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. *Miree v. DeKalb County,* 433 U.S. 25, 97 S.Ct. 2490, 2492, 53 L.Ed.2d 557 (1977); *Boyle, supra,* at 74. This approach to the disposition of Rule 12(b)(6) motions is consistent with the liberal and modern notice pleading practice under the Federal Rules of Civil Procedure. Under this practice, it is necessary only that pleadings give defendants fair notice of the claims that are being asserted against them. *See* Fed.R.Civ.P. 8(a); *United States v. Gigante,* 737 F.Supp. 292, 298 (D.N.J.1990).

The affidavit presented by defendants Tartan and Perloff in support of their request for relief was provided by Thomas Perloff in his capacity as Chairman and CEO of Tartan. According to Perloff, Corson's drivers were represented either by Teamsters Local 500 or by Teamsters Local 929. Plaintiff, however, was a member of Local 929 rather than Local 500, and Tartan had no obligation under any collective bargaining agreement with Local 929. Moreover, according to Perloff, plaintiff Adams never applied for employment with

---

**1.** Defendants Tartan and Perloff recognize in their reply brief that their motion is in fact a summary judgment motion rather than a motion to dismiss.

Tartan, although such employment was offered to him. If Adams had accepted that offer, however, he would have started with Tartan as a casual driver, due to his lack of seniority. Only drivers with prior seniority under a Local 500 collective bargaining agreement were eligible to commence employment with the company as other than a casual driver.

Defendants Tartan and Perloff contend that plaintiff has failed to establish a *prima facie* case of age discrimination because he cannot allege, and has not alleged, that he applied for employment with Tartan or Perloff. Defendants Corson's and Corson adopt this argument and also contend that they cannot be held responsible for the actions of their business purchaser unless and until plaintiff sufficiently establishes his allegation of conspiracy between the purchaser and the seller.

This Court cannot, at this juncture, grant either summary judgment or dismissal with respect to plaintiff's age discrimination claim. Defendants are not entitled to summary judgment because they have failed to demonstrate that no material issues of fact remain in dispute. In fact, a review of the filings in this matter indicates quite the contrary.

■ Likewise, the standards for dismissal have not been met. Under all of the circumstances, the mere fact that plaintiff did not submit a "formal" employment application to Tartan cannot be deemed sufficient, at this point, to defeat plaintiff's age discrimination claim. Under modern pleading rules " '[i]t is the function of discovery to fill in the details and of trial to fully establish each cause of action.' " *United States v. Gigante, supra* at 298, quoting *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 790 (3d Cir.1984), *cert. denied* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985).

■ Neither can this Court grant summary judgment or dismissal with respect to plaintiff's ERISA claim. To support their request for the grant of such relief defendants Tartan and Perloff argue that plain-

tiff has failed to set forth any facts which would establish a violation of the collective bargaining agreement or any applicable employee benefit plan. Defendants Corson's and Corson similarly contend that plaintiff is unable to establish entitlement to rights under any severance or other cash benefit plan. They also argue that plaintiff was not the known, intended or third party beneficiary of any collective bargaining agreement as to which Tartan or Perloff was a party.

None of defendants' arguments with respect to the ERISA claim is sufficiently persuasive to justify the award of the relief sought. In fact, these arguments are antithetical to the concept of notice pleading, which is utilized in the federal courts, and serve only to underscore the existence of disputes with respect to material facts. As with plaintiff's age discrimination claim, the operable facts regarding plaintiff's ERISA claim must be developed through discovery. *See United States v. Gigante, supra* at 298.

Defendants' contentions regarding plaintiff's remaining Title VII claim, however, are substantially different. They argue that dismissal of this claim is mandatory because plaintiff failed to satisfy statutory procedural prerequisites.

■ Before initiating any civil action alleging racial discrimination in violation of Title VII, a claimant is generally required to file a charge with the Equal Employment Opportunities Commission ("EEOC") within one hundred and eighty (180) days of the actionable conduct. 42 U.S.C. § 2000e–5(e). Plaintiff complied with that mandate when he promptly complained to the EEOC on or about September 11, 1989. Subsequently, his complaint was dismissed by the EEOC and he was notified of that dismissal by letter dated February 5, 1991 which he received on February 8, 1991.

42 U.S.C. § 2000e–5(f)(1) provides that "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ..." [2] Defendants claim that plain-

---

**2.** The EEOC dismissal letter specifically advised

plaintiff "IF CHARGING PARTY DECIDES TO

tiff did not comply with this mandate because his complaint initiating the Title VII action was not filed until May 20, 1991, 101 days after his receipt of the notice of dismissal.

Under Rule 3 of the Federal Rules of Civil Procedure a civil action is commenced by the filing of a complaint with the court. Rule 5 of the Federal Rules of Civil Procedure provides that "[t]he filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of court, except that the judge may permit the papers to be filed with the judge ..." Fed.R.Civ.P. 5(e) [effective until Dec. 1, 1991].[3] When filing is by mail, filing is complete only upon delivery to the officer of the court authorized to receive it. Thus, receipt by the Court even one day beyond the filing deadline is untimely and therefore fatal. *See Wiss v. Weinberger*, 415 F.Supp. 293 (E.D.Pa.1976).

Plaintiff contends that the putative late filing of his complaint on May 20, 1991 should be excused based on the cases which hold that, where an application to proceed *in forma pauperis* is filed, the applicable deadline "is deemed tolled upon receipt of the complaint by the Clerk of Court although formal filing does not take place until the disposition of the *in forma pauperis* petition." *Mitchell v. Hendricks*, 68 F.R.D. 564 (E.D.Pa.1975). *See also Mack v. Salarno*, 684 F.Supp. 865 (E.D.Pa. 1988); *Adams v. Heckler*, 624 F.Supp. 63 (E.D.Pa.1985). Under these cases, therefore, the pivotal issue is the date of the complaint's receipt by the Court Clerk.

Plaintiff states in his affidavit that on April 30, 1991 he personally went to "the federal District Court located at 601 Market Street for the purpose of commencing a civil law suit against Tartan Foods." While there, he completed a "Statement In Support of Request to Proceed *in Forma Pauperis*" to which he attached his proposed complaint. The Clerk's office, however, returned the complaint to him by mail with the request that it be signed and returned.[4] Plaintiff received the unsigned complaint from the Clerk's office sometime during the week of April 30, 1991 and well before the May 9, 1991 statutory filing deadline. Plaintiff thereafter signed the complaint and declared that he *mailed* it to the Court "before May 4, 1991."

The record does not establish when the Court received the executed complaint. It does disclose, however, that the request to proceed *in forma pauperis* was actually filed on May 10, 1991,[5] and that Judge Shapiro of this Court granted the motion on May 17, 1991. The Clerk did not docket Judge Shapiro's order and the complaint until May 20, 1991.

Thus, the critical question for this Court's determination is whether the complaint was lodged with the Court for filing purposes on April 30, 1991, when it was initially tendered in an unsigned form, or whether the lodging for filing purposes occurred when the executed complaint was received by the Clerk's Office, which probably occurred on May 10, 1991, the date the previously signed *in forma pauperis* request was filed. This was one day after the statutory deadline.

Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party who is not represented by an attorney shall sign the party's pleading, motion or other paper and state the party's

SUE UNDER TITLE VII, CHARGING PARTY MUST DO SO WITHIN 90 DAYS FROM THE *RECEIPT* OF THIS DETERMINATION; OTHERWISE THE RIGHT TO SUE IS LOST." (emphasis added; otherwise as in original). In *Oswald v. Veeder Root Co.*, 662 F.Supp. 952 (W.D.Pa.1987), the Court held that "[i]n the absence of equitable considerations, the delivery of the EEOC's notice to plaintiff's home address triggers the start of the 90 day period."

**3.** It is not asserted that plaintiff was granted leave to file his complaint with a judge.

**4.** According to the affidavit, plaintiff was also directed by the Clerk's office to add a statement that he wanted a lawyer.

**5.** It is likely that the Clerk's office delayed in filing the *in forma pauperis* request until May 10, 1991—one day after the statutory deadline— because it was awaiting the return of the executed complaint.

**1200**

address." It further provides that *"[i]f a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly* after the omission is called to the attention of the pleader or movant." (emphasis added).

■ This Court finds that plaintiff Adams' execution of the complaint was prompt for purposes of Rule 11, and, therefore, that the complaint should be treated as having been lodged with the Court on April 30, 1991 when it was first given to the Clerk of Court. Such a result is consistent with the teachings of the United States Supreme Court which holds the allegations of *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers ..." *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). Further, the situation here presented is far different than that reviewed in *Wrenn v. New York City Health and Hospitals Corp.,* 104 F.R.D. 553 (S.D.N.Y.1985), where an attorney was deemed not to have acted promptly under Rule 11 when he took over five (5) weeks after notice of a missing signature to provide the Court with a signed pleading.

Since this Court finds that plaintiff's complaint was lodged with and received by the Clerk of Court on April 30, 1991, when it was presented together with the request to proceed *in forma pauperis,* the Court also finds that the case is controlled by *Mitchell v. Hendricks, supra,* and the cases following therefrom upon which plaintiff relies. Because plaintiff's complaint was therefore timely filed, his Title VII action may proceed.